Frank J. GUINAN, Appellant,

v.

Paul K. DELO, Superintendent, Potosi
Correctional Center, Appellee.

No. 93–3394.

United States Court of Appeals,
Eighth Circuit.

Oct. 4, 1993.

William Edward Reeves, Carutherville,
MO, for appellant.

Stephen David Hawke, Jefferson City,
MO, for appellee.

Before RICHARD S. ARNOLD, Chief
Judge, FAGG and BOWMAN, Circuit
Judges.

## ORDER

We have before us the state's motion to
vacate the District Court's stay of execution
that was imposed in the above-captioned case
on October 1, 1993. Frank J. Guinan has
been sentenced to death for the January 1981
stabbing death of John McBroom at the Mis-
souri State Penitentiary. He is scheduled to
be executed on October 6, 1993, at 12:01 a.m.

Guinan's motion for a stay of execution
was filed with his petition for writ of habeas
corpus under 28 U.S.C. § 2254 on September
30, 1993, at 4:00 p.m. This is Guinan's third
federal habeas petition. *See Guinan v.
Armontrout,* 909 F.2d 1224 (8th Cir.1990),
*cert. denied,* 498 U.S. 1074, 111 S.Ct. 800, 112
L.Ed.2d 861 (1991); *Guinan v. Delo,* 5 F.3d
313, 316 (8th Cir.1993) (treating motion un-
der Federal Rule of Civil Procedure 60(b)
seeking relief from denial of first habeas
petition as second habeas petition). For the
first time, he is raising a claim that he was
not in John McBroom's cell when McBroom
was stabbed to death and had nothing to do
with the murder, except possibly to try and
prevent it. That is, Guinan is now asserting
actual innocence of the murder. He supports
this claim with eight affidavits from other
prisoners convicted of murder and other vio-
lent offenses, and an affidavit from a physi-
cian who performed surgery on Guinan's
hand. Although it is not entirely clear, Gui-
nan apparently is claiming that his trial coun-
sel was ineffective for having failed to inter-
view or call some of these witnesses, and for
having failed to elicit the appropriate testi-
mony from others who were called as wit-
nesses at the trial.[1]

---

1. "Claims of actual innocence based on newly
discovered evidence have never been held to
state a ground for federal habeas relief absent an
independent constitutional violation occurring in
the underlying state criminal proceeding." *Herr-*

*era v. Collins,* —— U.S. ——, ——, 113 S.Ct. 853,
860, 122 L.Ed.2d 203 (1993). We note that even
if one reads *Herrera* as establishing that an ex-
ceptionally strong, highly persuasive showing of
actual innocence may be an independent ground

Since the present claims in the petition for writ of habeas corpus have not been raised earlier, they are abusive claims. Guinan makes no showing of cause for his abuse of the writ. Indeed, it appears that the claims have been withheld deliberately until virtually the last minute.[2] To show probable actual innocence and obtain relief, therefore, Guinan "must show by clear and convincing evidence that but for a constitutional error, no reasonable juror would have found the petitioner" guilty of capital murder under the applicable state law. *Sawyer v. Whitley*, — U.S. —, —, 112 S.Ct. 2514, 2517, 120 L.Ed.2d 269 (1992) (announcing standard in habeas petitioner's challenge to death sentence); *see also McCoy v. Lockhart*, 969 F.2d 649, 651 (8th Cir.1992) (holding that *Sawyer* standard applies to habeas petitioner's challenge to conviction).

We have carefully reviewed the late-blooming statements from fellow prisoners that Guinan claims his trial counsel was derelict in not obtaining. We find them to be often inconsistent with previous sworn testimony of the same witness, in some cases inconsistent with each other, inconsistent with the great bulk of evidence adduced at Guinan's trial, and on occasion inconsistent with defenses Guinan previously has asserted. Guinan's explanations for the eleven-year delay between Guinan's trial and the discovery of these witnesses and their evidence is nonexistent or unpersuasive. Some of the contentions are not new at all, but comport with Guinan's defense at trial; new witnesses do not translate necessarily into new evidence. Several of the affidavits simply report inadmissible hearsay. Others repeat statements of Guinan's innocence allegedly overheard by the affiants and supposedly made by the other prisoner accused in the McBroom murder, Richard Zeitvogel, who already had testified at Guinan's trial that he committed the murder without Guinan's assistance.

Guinan also submits the affidavit of Dr. Richard Heimburger, a plastic surgeon who performed surgery to repair tendons in Guinan's right hand nearly eight weeks before

the murder, examined the hand approximately two and one-half weeks after the murder, and continued to follow-up with Guinan for months after the surgery. Heimburger states "that it would have been somewhat difficult and painful" for Guinan to have participated in the murder (presuming, we assume, Guinan would have used his right hand). Heimburger Affidavit ¶ 11. Concluding it would be "somewhat difficult," however, is a far cry from stating it would not be possible. Moreover, this is not newly discovered evidence. Guinan knew of his surgery when it occurred, and in fact introduced hospital records of the injury at his trial.

"Applying the prevailing legal standard it is 'particularly egregious' to enter a stay on second or subsequent habeas petitions unless 'there are substantial grounds upon which relief might be granted.'" *Delo v. Blair*, — U.S. —, —, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993) (per curiam) (vacating stay of execution) (quoting concurring opinion in *Herrera v. Collins*, — U.S. —, —, 113 S.Ct. 853, 873, 122 L.Ed.2d 203 (1993)). We have only recently looked at the record in this case, *Guinan v. Delo*, 5 F.3d 313 (8th Cir.1993), and again direct attention to the thorough recitation of facts and overwhelming evidence of guilt found in the Missouri Supreme Court's opinion affirming Guinan's conviction on direct appeal, *State v. Guinan*, 665 S.W.2d 325, 327–29 (Mo.) (en banc), *cert. denied*, 469 U.S. 873, 105 S.Ct. 227, 83 L.Ed.2d 156 (1984). In view of the State's evidence, we conclude that even if Guinan's "newly discovered evidence" had been presented to the jury it cannot be said that no reasonable juror would have found petitioner guilty of capital murder.

Accordingly, the claim presented in the present petition is barred from federal court review and the stay of execution must be, and hereby is, vacated.

---

for federal habeas relief, Guinan's "newly discovered evidence" falls far short of the mark.

**2.** Seven of the eight prisoner affidavits were attested to before July 3, 1993; three were signed as early as February and March 1993.