A. Eugene RAMEY, Appellant,

v.

Charles A. BOWSHER, Comptroller General of the United States, Appellee.

No. 92–5096.

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 10, 1993.

Decided Nov. 23, 1993.

Rehearing and Suggestion for Rehearing In Banc Denied Feb. 15, 1994.

Walter T. Charlton argued the cause and filed the briefs for appellant.

James R. Layton, Asst. U.S. Atty., argued the cause for appellee. With him on the briefs were J. Ramsey Johnson, U.S. Atty., John D. Bates and R. Craig Lawrence, Asst. U.S. Attys.

Jessie James, Jr. was on the brief for amicus curiae, the General Counsel, Personnel Appeals Board, General Accounting Office.

Before: SILBERMAN, WILLIAMS, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

Concurring opinion filed by Circuit Judge SILBERMAN.

Concurring opinion filed by Circuit Judge WILLIAMS.

RANDOLPH, Circuit Judge:

■ This is an appeal from the judgment of the district court dismissing, for lack of subject matter jurisdiction, A. Eugene Ramey's suit against the Comptroller General for attorney's fees. We affirm the judgment and transfer the case to the United States Court of Appeals for the Federal Circuit, which has exclusive jurisdiction over Ramey's action.

In an administrative proceeding before the General Accounting Office's Personnel Appeals Board, Ramey claimed that the GAO had unlawfully retaliated against him for fil-

ing employment discrimination complaints. In 1986, the Board found in Ramey's favor and ordered his reinstatement with backpay. Ramey then filed a request for approximately $280,000 in attorney's fees he allegedly incurred during the administrative proceedings. After five days of hearings on the fee request, the Board's Presiding Member issued a lengthy opinion awarding Ramey $53,827.49 in attorney's fees and costs.

Dissatisfied with the fee award, which the Board increased slightly on Ramey's motion for reconsideration, Ramey brought this action in district court. His complaint described the administrative proceedings; recited the Board's award of attorney's fees and costs; claimed that the Board had "applied erroneous standards" in calculating the fees; and requested the court to make a "*de novo* determination." Complaint ¶¶ 8–13.

Whether the district court had jurisdiction over Ramey's complaint turns on the 1980 General Accounting Office Personnel Act, Pub.L. No. 96–191, 94 Stat. 27 (1980) (largely codified at 31 U.S.C. §§ 701–779). The Act extended 42 U.S.C. § 2000e–16—which protects specified federal employees from discrimination based on race, color, religion, sex, or national origin—to employees of the GAO. 94 Stat. 34. The Act also directed the Comptroller General to maintain a personnel system forbidding discrimination. 31 U.S.C. § 732(f)(1). Regulations issued pursuant to this directive incorporate the protections of 42 U.S.C. § 2000e–16. *See* 4 C.F.R. § 2.5(a)(1). A violation of 42 U.S.C. § 2000e–16 is therefore "an action involving discrimination prohibited under section 732(f)(1)," for which the Personnel Appeals Board is authorized to "consider and order corrective or disciplinary action" under the jurisdictional grant of 31 U.S.C. § 753(a)(7). Board decisions under § 753(a)(7) are subject to judicial review pursuant to 31 U.S.C. § 755(a):

> A final decision under section 753(a)(1)–(3), (6), or (7) of this title may be reviewed by the United States Court of Appeals for the

Federal Circuit.... The court may set aside a final decision the court decides is—

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not consistent with law;
>
> (2) not made consistent with required procedures; or
>
> (3) unsupported by substantial evidence.

Faced with a provision such as this one, our customary course would be to consider the provision an exclusive jurisdictional grant. *Telecommunications Research & Action Center v. FCC,* 750 F.2d 70, 77 (D.C.Cir. 1984), citing many decisions to this effect, summarizes the law this way: "a statute which vests jurisdiction in a particular court cuts off jurisdiction in other courts in all cases covered by the statute." *Id.* Section 755(a) contains more than sufficient indicia of exclusivity. It vests only the Court of Appeals for the Federal Circuit with jurisdiction over the Board's final decisions in discrimination cases. And it directs that this jurisdiction be exercised in a certain way—by review on the record—rather than trials *de novo,* which are the province of district courts.

Ramey's position is that § 755(a) is merely optional, that a GAO employee or applicant wishing to challenge a Board decision in a discrimination case may bypass the Federal Circuit and proceed instead in district court, where the court will conduct a trial *de novo* rather than determine if substantial evidence supports the Board's ruling. The Board's regulations are to the same effect. 4 C.F.R. § 28.100(e).[1] Ramey says this odd result is caused by 31 U.S.C. § 732(f)(2), which states:

> This subchapter and subchapter IV of this chapter [which includes § 755(a) ] do not affect a right or remedy of an officer, employee, or applicant for employment under a law prohibiting discrimination in employment in the Government on the basis of race, color, religion, age, sex, national origin, political affiliation, marital status, or handicapping condition. However, for

---

1. The Board's General Counsel, speaking only for himself as *amicus curiae,* asserts that the Federal Circuit has no jurisdiction to review Board decisions in discrimination cases, so that GAO employees dissatisfied with such decisions have no option *but* to file a *de novo* action in district court. *See* Brief of Amicus Curiae at 11–15. The language of § 755 is flatly to the contrary.

officers, employees or applicants in the General Accounting Office—

> (A) the General Accounting Office Personnel Appeals Board has the same authority over oversight and appeals as an executive agency has over oversight and appeals matters.... [2]

The parties propose different constructions of § 732(f)(2). Ramey's version, endorsed by the Board's General Counsel, is that GAO employees enjoy the same "rights" and "remedies" regarding employment discrimination as employees in the executive branch. Because executive branch employees are entitled to a trial *de novo* in district court after receiving a final decision on their complaint either from the employing agency or from the Equal Employment Opportunity Commission, 42 U.S.C. § 2000e–16(c); *see Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976),[3] GAO employees are entitled to the same when the Board renders final decisions in discrimination cases.

The Board's General Counsel goes a bit deeper into the matter. If we apprehend him correctly, there are eight steps to the argument in support of Ramey. Step 1: In its pre-codification form, § 732(f)(2) referred specifically to 42 U.S.C. § 2000e–16. Step 2: Section 732(f)(2) has had the effect of substituting the Board for the EEOC in employment discrimination cases raised under § 2000e–16. Step 3: Under subsection (b) of § 2000e–16, the EEOC may enforce the section's prohibition against federal agency discrimination. Step 4: The Board may therefore adjudicate a discrimination complaint against the GAO under the authority of 42 U.S.C. § 2000e–16(b) rather than under § 732(f)(1) and § 753(a)(7). Step 5: Under 42 U.S.C. § 2000e–16(c), employees aggrieved by EEOC decisions may bring civil actions against agency heads pursuant to 42 U.S.C. § 2000e–5. Step 6: Under § 2000e–5(f)(3), the district courts have jurisdiction over such actions. Step 7: When the Board adjudicates a complaint under its § 2000e–16(b) authority, an aggrieved GAO employee also may invoke § 2000e–5. Step 8: Therefore § 2000e–5(f)(3) gives the district courts jurisdiction over employee suits challenging Board decisions in discrimination cases.

■ One may reasonably doubt whether Congress could have intended what the General Counsel proposes, if only because of the tortuous path one must take to reach such a simple destination. Jurisdictional grants waiving sovereign immunity are strictly construed and may not be expanded beyond the terms expressly set forth in the grant. *United States v. Nordic Village, Inc.,* —— U.S. ——, ——–——, 112 S.Ct. 1011, 1014–15, 117 L.Ed.2d 181 (1992); *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 685, 103 S.Ct. 3274, 3277, 77 L.Ed.2d 938 (1983); *American Fed'n of Gov't Employees, Local 2052 v. Reno,* 992 F.2d 331, 336 n. 7 (D.C.Cir.1993). Congress surely knows this as well as anyone. If, despite § 755(a), Congress also meant to give district courts jurisdiction to try discrimination cases decided by the Board, we would therefore expect to find this clearly and directly expressed. *See, e.g.,* 5 U.S.C. §§ 7702–7703.

This is hardly the only difficulty with the General Counsel's reasoning. It is hard to

---

**2.** The version quoted in the text is § 732(f)(2) as codified. As passed in 1980, § 732(f)(2) read somewhat differently:

> Nothing in this Act shall be construed to abolish or diminish any right or remedy granted to employees of or applicants for employment in the General Accounting Office by section 717 of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16) ... except that ... authorities granted thereunder to the Equal Employment Opportunity Commission, Office of Personnel Management, the Merit Systems Protection Board, or any other agency in the executive branch—(A) involving oversight and appeals, shall be exercised by the General Accounting Office Personnel Appeals Board....

Pub.L. No. 96–191, § 3(g)(3), 94 Stat. 28.

**3.** It may be that Ramey's was what is known as a "mixed" case, over which the Merit Systems Protection Board, rather than the EEOC, would have had jurisdiction. *See* 5 U.S.C. § 7702(a); *American Fed'n of Gov't Employees v. Reno,* 992 F.2d 331, 332 (D.C.Cir.1993). Nothing turns on the question since *de novo* review in the district court would still be an option for an executive branch employee with such a complaint. *See* 5 U.S.C. § 7703(c). In order to avoid needlessly complicating this opinion, we refer only to the EEOC.

see the sense in conferring jurisdiction on two different courts, one appellate, the other trial, giving each a different method of adjudication to follow, and then allowing litigants to choose between them. The system the General Counsel envisages becomes all the more perplexing when one realizes that—as all agree—the Comptroller General does not have the option of choosing between the two courts. The Comptroller General may challenge Board decisions only by filing a petition for review in the Federal Circuit. *General Accounting Office v. General Accounting Office Personnel Appeals Bd.*, 698 F.2d 516, 526 (D.C.Cir.1983).

The General Counsel's step four raises additional problems. How are complainants and courts to discover whether the Board's adjudicative authority in a particular discrimination case rested on 42 U.S.C. § 2000e–16(c), incorporated by 31 U.S.C. § 732(f)(2), as opposed to 31 U.S.C. § 732(f)(1), in which event the Board's decision could be reviewed only by the Federal Circuit?[4] Indeed, how is the Board itself to decide? As far as conferring jurisdiction on the Board, the provisions amount to the same thing. What if the Board announced that it was operating only pursuant to § 732(f)(1)? The Board's own regulations appear to do exactly that, mentioning only § 732(f)(1) as the source of the Board's jurisdiction to decide discrimination complaints. 4 C.F.R. § 28.2(a)(6). If the regulations controlled, we would have to conclude that the district court had no jurisdiction here, even if we fully credited the General Counsel's argument. At any rate, it would be strange indeed if Congress gave the Board the power to choose the court in which its decisions could be challenged, and by what method of adjudication.[5] Yet because § 732(f)(1) and (2) are interchangeable in this respect, that is where the General Counsel's argument would lead.

We therefore believe the General Counsel's first step misses an important qualification in the uncodified version of § 732(f)(2). The rights and remedies of GAO employees are preserved "except that authorities" granted under § 2000e–16 to the EEOC involving appeals shall be exercised by the Board. *See supra* note 2. Once an employee invokes the Board's adjudicatory authority in a discrimination case, the employee not only is subject to the Board's rules and regulations rather than the EEOC's, but also is constrained to follow the clear path of judicial review set forth in § 755(a).[6]

Review on the record and trial *de novo*, as the Supreme Court indicated in *Chandler v. Roudebush*, 425 U.S. at 861, 96 S.Ct. at 1959, are mutually exclusive legislative propositions. It is too much to suppose that Congress meant, through § 732(f)(2), to make available both methods of seeking relief from Board discrimination decisions. And it is much too much to suppose that Congress meant to do this by conferring upon GAO employees alone the absolute and standardless discretion to choose whichever option they saw fit.

■ Ramey wound up in the wrong court for quite understandable reasons. A regulation of the Board and instructions attached to its opinions advise employees that they may challenge the Board's final decision in district court. 4 C.F.R. § 28.100(a)(2); J.A. 62.[7] We

---

**4.** The Board's decision in this case indicated that it was invoking § 732(f)(2) not as an independent jurisdictional grant but as a substantive provision allowing the complainant to recover attorney fees. *See* Joint Appendix (J.A.) 44. The Board does tell employees that they may either pursue a review in the Federal Circuit or seek trial *de novo* in a district court. *See* J.A. 43, 62. Perhaps this shows that the Board makes no effort to draw the distinction the General Counsel urges.

**5.** There is another inscrutable consequence of the General Counsel's theory. It could potentially cut off the GAO's right to petition for judicial review of Board decisions whenever the Board purported to act solely under § 732(f)(2). *See supra* p. 135.

**6.** We do not address the issue whether in a discrimination case, a GAO employee may bypass the Board and proceed directly to district court. *See* § 2000e–16(c).

**7.** No one proposes that we defer to the Board's construction of the jurisdiction conferred on the courts, and for good reason. Interpreting statutes granting jurisdiction to Article III courts is exclusively the province of the courts. *See Sumner v. Mata*, 449 U.S. 539, 547 n. 2, 101 S.Ct. 764, 770 n. 2, 66 L.Ed.2d 722 (1981) (citing *Louisville & N.R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)). Such statutes are administered by federal courts, not administrative agencies, and agencies can bring

therefore affirm the judgment of the district court dismissing the complaint for lack of jurisdiction, but in the "interests of justice" we order the case transferred to the Court of Appeals for the Federal Circuit pursuant to 28 U.S.C. § 1631.

*It is so ordered.*

SILBERMAN, Circuit Judge, concurring:

I concur in Judge Randolph's opinion rejecting Ramey's argument that despite the clear language of 31 U.S.C. § 755 (1986), another provision, 31 U.S.C. § 732(f)(2) (1986), grants employees of the GAO the right to a trial *de novo* in district court following a PAB final decision. I write separately, however, because our rejection of Ramey's construction—one that is not without force—calls for us to say what the language in section 732(f)(2) *does* mean, lest it be thought that our opinion reads section 732(f)(2) right out of the statute.

Section 732(f)(2) provides, as made clear by its originally enacted language, that nothing in the GAO Personnel Act

shall be construed to abolish or diminish any right or remedy granted to employees of or applicants for employment in the General Accounting Office by section 717 of the Civil Rights Act of 1964 ... except that ... authorities granted thereunder to the Equal Employment Opportunity Commission ... (A) involving oversight and appeals, shall be exercised by the General Accounting Office Personnel Appeals Board....

Pub.L. No. 96–191, § 3(g)(3), 94 Stat. 28 (1980). I agree that this language is insufficient to overcome the presumption of exclusive review in the Federal Circuit created by section 755—especially in light of the anomaly that would be created if employees of the GAO had been given a choice between limited record review in the Federal Circuit and a trial *de novo* in district court, while restricting the government's appeal in the very same case to the Federal Circuit for record review. Still, section 732(f)(2) must be given *some* content. I think that provision was actually

designed to give GAO employees the right to sue over an adverse employment decision by the GAO directly in district court under section 717 of Title VII. In other words, section 732(f)(2) does give employees of the GAO an option—but not the one Ramey seeks. An aggrieved GAO employee may choose either to sue his employing agency in district court, or to seek relief from the GAO's Personnel Appeals Board. Having elected the second route, however, such an employee's avenue of appeal is limited by section 755, which directs him to the Federal Circuit for limited record review. This interpretation of section 732(f)(2) avoids the difficulties engendered by Ramey's construction, but it does not render section 732(f)(2) a nullity. *Cf. Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 442, 107 S.Ct. 2494, 2497, 96 L.Ed.2d 385 (1987) (rejecting an interpretation of a statute that would render specific statutory provisions entirely without meaning).

Ramey's broader view of section 732(f)(2), namely that it was intended to create parallel avenues of appeal for GAO employees following PAB decisions as executive branch employees enjoy following EEOC action, is properly rejected for yet another reason. The EEOC's typical role in the private sector is, unlike the PAB, as prosecutor not adjudicator. Regarding government employees the EEOC's role is quite unusual. It does review the action of agencies, but not in the formal adjudicative manner of the PAB. While the GAO Personnel Act speaks of PAB "decisions" that may be reviewed in the Federal Circuit, Title VII speaks only of EEOC "action." *Compare* 31 U.S.C. § 755 *with* 42 U.S.C. § 2000e–16(c). *But see Moore v. Devine,* 780 F.2d 1559, 1562 (11th Cir.1986) ("the administrative scheme envisioned by Congress ... grants to the complaints examiners and the EEOC the power to issue final, binding decisions ordering corrective action by the agency employer"). The EEOC's jury-rigged role with respect to federal employees is all the more reason to reject Ramey's false parallelism between the EEOC

---

no particular expertise to the subject. *See, e.g., Adams Fruit Co. v. Barrett,* 494 U.S. 638, 649–50, 110 S.Ct. 1384, 1390–91, 108 L.Ed.2d 585

(1990); *Professional Reactor Operator Soc'y v. Nuclear Regulatory Comm'n,* 939 F.2d 1047, 1051 (D.C.Cir.1991).

and the PAB.[1]

STEPHEN F. WILLIAMS, Circuit Judge, concurring:

I join Judge Randolph's opinion, which persuasively defeats the argument that 31 U.S.C. § 732(f)(2) constitutes a separate source of jurisdiction for the GAO's Personnel Appeals Board in discrimination cases. I write separately only to note the possibility that the Board's General Counsel, appearing before us as *amicus curiae,* is making a somewhat different argument—though one that fails for many of the same reasons.

The alternative theory runs as follows: The General Accounting Office Personnel Act of 1980 ("GAOPA"), Pub.L. No. 96–191, 94 Stat. 27 (1980) (largely codified at 31 U.S.C. §§ 701–79), which extended the protections of Title VII to all GAO employees, gives such employees a special mechanism for administrative review of their employer's actions; it directs them to the Personnel Appeals Board rather than to the EEOC or the MSPB, which are available for regular executive-branch employees. But § 732(f)(2) indicates that this substitution is the *only* way in which the GAOPA supplants the Title VII rights and remedies available to executive-branch employees. Thus, as executive-branch employees' Title VII rights and remedies include the right to file a *de novo* civil action in district court if dissatisfied with an EEOC or MSPB decision (see 42 U.S.C. § 2000e–16(c); 5 U.S.C. § 7703), § 732(f)(2) implies a parallel right for GAO employees and forecloses the inference that review under § 755 is exclusive.

I note this argument only to reject it. It would take language considerably clearer than § 732(f)(2) to persuade me that the GAOPA lets GAO employees choose between appealing a Board decision to the Federal Circuit (for review under the rather deferential "substantial evidence" standard) and filing a civil action in federal district court (for a *de novo* determination). Indeed, Ramey's view raises the possibility that the GAO would appeal a Board decision to the Federal Circuit even as its employee sought to relitigate the same case in district court. Far from compelling this peculiar result, the language of § 732(f)(2) lends itself more naturally to Judge Randolph's interpretation.

---

1. To be sure, in a "mixed case" (that is, a case contesting both an adverse employment action under the merit system and its allegedly discriminatory motivation) an executive branch employee can take his case to the MSPB, which in certain respects does resemble the PAB. *See* 5 U.S.C. § 7702(a); *American Fed'n of Gov't Employees v. Reno,* 992 F.2d 331, 332 (D.C.Cir.1993).