Anthony J. LaRETTE, Petitioner–
Appellee,

v.

Michael BOWERSOX, Superintendent,
Potosi Correctional Center,
Respondent–Appellant.

No. 95–3935.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 27, 1995.

Decided Nov. 28, 1995.

Stephen Hawke, Jefferson City, MO, for appellant.

Lee Lawless, St. Louis, MO, for appellee.

Before McMILLIAN, FAGG, and LOKEN, Circuit Judges.

PER CURIAM.

Anthony J. LaRette was convicted of capital murder in a Missouri state court and sentenced to death for killing Mary Fleming on July 25, 1980. After we affirmed the district court's denial of LaRette's fourth amended petition for a writ of habeas corpus, *LaRette v. Delo,* 44 F.3d 681 (8th Cir.), *cert. denied,* — U.S. ——, 116 S.Ct. 246, 133 L.Ed.2d 172 (1995), the State of Missouri scheduled his execution for 12:01 a.m. on November 29, 1995. On November 22, LaRette filed a successive habeas petition in the district court, and on November 27 that court granted LaRette's emergency motion for stay of execution. The State moves to vacate that stay.

■ The facts of the case and its procedural history are set out in our prior opinion. LaRette asserts four grounds for relief in this petition. The first three allege violations of his Sixth Amendment right to counsel because the state court appointed inexperienced counsel who then failed to investigate and present evidence of LaRette's mental illness at trial. Though the focus is somewhat different, these grounds plainly restate claims considered and rejected in the prior habeas petition. *See* 44 F.3d at 685–86. The fourth ground—that ineffective assistance deprived LaRette of fundamental rights—is not a separate claim for relief. Thus, all the claims not only could have been, but actually were raised in his previous federal habeas petition. This successive petition is a clear abuse of the writ which does not warrant a stay of execution unless it raises "substantial grounds upon which relief might be granted." *Delo v. Stokes,* 495 U.S. 320, 321, 110 S.Ct. 1880, 1881, 109 L.Ed.2d 325 (1990).

■ To excuse an abuse of the writ, a successive habeas petitioner must show either cause and prejudice, or probable actual innocence. *See McCleskey v. Zant,* 499 U.S. 467, 494–95, 111 S.Ct. 1454, 1470–71, 113 L.Ed.2d 517 (1991). We applied this standard in rejecting procedurally barred claims in LaRette's first habeas petition. *See* 44 F.3d at 687–88. Therefore, to excuse this abuse of the writ, LaRette must come forward with new evidence of cause and prejudice, or probable actual innocence.

■ LaRette attempts to avoid this rigorous standard by presenting a document that, he alleges, should have been but was not part of the record in his prior federal habeas proceeding. Relying on *Dobbs v. Zant,* 506 U.S. 357, 113 S.Ct. 835, 122 L.Ed.2d 103 (1993), LaRette argues that the abuse of the writ doctrine does not apply because his first habeas petition was considered on an incomplete record. But LaRette misreads *Dobbs.* In our view, *Dobbs* stands for the proposition that newly discovered evidence must be *considered* in a subsequent habeas proceeding. But it is considered in the context of applying the abuse of the writ doctrine, for example, in the manner the Supreme Court considered new evidence in applying the actual innocence exception in *Schlup v. Delo,* — U.S. ——, ——, ——, 115 S.Ct. 851, 865, 869, 130 L.Ed.2d 808 (1995).

LaRette's "new evidence" consists of a form entitled Request for Payment of Fees and Expenses submitted to the trial court by LaRette's trial counsel after his August 1981 trial. LaRette argues that this document tends to establish his claim of ineffective assistance by refuting trial counsel's testimony as to the amount of time he spent conferring with LaRette.

We have examined the document and conclude that it will not bear the evidentiary weight LaRette would give it. But more significantly, the document does not excuse his abuse of the writ. LaRette cannot show cause because the document was admittedly part of his state court file and therefore

could have been obtained and presented in his prior federal habeas proceeding. *See McCleskey*, 499 U.S. at 497–98, 111 S.Ct. at 1472–73. And the document is not evidence of probable actual innocence that would justify relief from abuse of the writ under *Schlup*. Trial counsel's request-for-fees form is at most relevant to the merits of the ineffective assistance claims that were rejected in the prior habeas proceeding. It is not evidence of LaRette's innocence of the crime or of the death penalty.

For the foregoing reasons, we conclude that LaRette's latest habeas petition is, on its face, an abuse of the writ as a matter of law. Accordingly, the stay of execution must be, and hereby is, vacated. *See Delo v. Blair*, — U.S. —, —, 113 S.Ct. 2922, 2923, 125 L.Ed.2d 751 (1993); *Guinan v. Delo*, 7 F.3d 111, 112 (8th Cir.), *stay denied*, — U.S. —, 114 S.Ct. 296, 126 L.Ed.2d 244 (1993).