**ALPINE PCS, INC., Appellant**

v.

**FEDERAL COMMUNICATIONS COMMISSION and Pioneer Credit Recovery, Inc., Appellees.**

No. 13–5205.

United States Court of Appeals,
District of Columbia Circuit.

April 25, 2014.

Ross Michael Babbitt, Ross M. Babbitt Co., LPA, Cleveland, OH, Steven Mark Buckman, Buckmanlegal, PLLC, Washington, DC, for Appellant.

Lloyd H. Randolph, U.S. Department of Justice, Hillary B. Burchuk, Jacob M. Lewis, Federal Communications Commission (FCC) Office of General Counsel, Washington, DC, for Defendants.

Before: BROWN, MILLETT and PILLARD, Circuit Judges.

***JUDGMENT***

This appeal was considered on the record from the United States District Court for the District of Columbia and the briefs filed by the parties. *See* FED. R.APP. P. 34(a)(2); D.C.CIR. R. 34(j). The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the district court's order entered June 3, 2013 be affirmed.

In May 1996, Alpine PCS, Inc. (Alpine) submitted winning bids for two FCC licenses for wireless spectrum. Alpine

agreed to pay a portion of the winning bids in installments with interest and executed a contract with FCC memorializing the payment terms. Alpine failed to make timely payments, and FCC exercised its rights under the contract by reauctioning the spectrum licenses. In that process, Alpine appealed the denials of its requests for restructuring or waiver of its installment payment deadlines administratively within FCC and then filed a petition for review with this court. We affirmed the 2010 FCC order challenged by Alpine in a decision issued December 21, 2010. *See Alpine PCS, Inc. v. FCC*, 404 Fed.Appx. 508 (D.C.Cir.2010). In January 2013, Alpine filed a breach of contract suit against FCC in district court. The court dismissed the suit for lack of subject matter jurisdiction. Alpine lodges two arguments on appeal. First, Alpine claims a forum selection clause within the contracts it signed with FCC is controlling because Congress provided a waiver of sovereign immunity in 47 U.S.C. § 309(j). Second, Alpine contends the district court erred in not deferring to FCC's interpretation of its jurisdiction, as purportedly embodied in that contract clause, in accordance with *City of Arlington v. FCC*, —— U.S. ——, 133 S.Ct. 1863, —— L.Ed.2d —— (2013). Because each argument is clearly foreclosed by statute and precedent, we affirm the district court's judgment.

■ To bring a claim against the United States, a plaintiff must identify an unequivocal waiver of sovereign immunity in statutory text. *FAA v. Cooper*, —— U.S.

——, 132 S.Ct. 1441, 1448, 182 L.Ed.2d 497 (2012). Courts are required to read language purporting to effect a waiver of sovereign immunity narrowly and construe any ambiguities in the statutory language in favor of preserving immunity. *Id.* Alpine's assertion that Congress provided a waiver of sovereign immunity in 47 U.S.C. §§ 309(j)(3)(B) and (4)(A) is mistaken. These provisions only direct FCC to use wireless licensing to "promot[e] economic opportunity and competition," *id.* § 309(j)(3)(B), and, in furtherance of these goals, to "consider alternative payment schedules" for licensees, *id.* § 309(j)(4)(A). Neither provision constitutes an unequivocal (or even an equivocal) waiver of sovereign immunity. Instead, the waiver of sovereign immunity appears in 47 U.S.C. § 402, which gives the courts of appeals, not the district court, exclusive jurisdiction over review of final FCC orders. *See FCC v. ITT World Commc'ns, Inc.*, 466 U.S. 463, 468, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984). Specifically, subsection 402(b)(5) consigns to this Court challenges "[b]y the holder of any . . . station license which has been . . . revoked by" the FCC. Although camouflaged as a contractual dispute, Alpine's suit really challenges the FCC's decision to "revoke" the licenses for nonpayment and thus falls squarely within subsection 402(b)'s bull's-eye.[1]

■ Alpine's second argument is similarly inapt. In Alpine's view, the validity of the forum selection clause was premised on the waiver Congress purportedly provided in section 309(j). Without an ex-

1. Alpine has not challenged the portion of the district court decision below concluding that no jurisdiction existed under the Tucker Act, 28 U.S.C. § 1491(a)(1), to hear its claims and, consequently, declining to transfer the case to the Court of Federal Claims. As a result, we need not address whether the Tucker Act could have provided jurisdiction in that court given the exclusivity of this court's jurisdic-

tion, as recognized under similar circumstances in *City of Rochester v. Bond*, 603 F.2d 927, 934 (D.C.Cir.1979) (holding that, for claims falling within the jurisdictional grant of Section 402(b), that subsection provides "the exclusive mode of judicial review of such controversies as this, save for those instances in which the statutory review would be inadequate").

press waiver, there was no jurisdictional grant at all, let alone a grant of agency authority that even arguably could have been subject to FCC's interpretation under *City of Arlington.* Furthermore, neither a court nor the parties has the power to alter the jurisdiction that Congress specifies for Article III courts, as *City of Arlington* itself explained. *See* 133 S.Ct. at 1868–69 & 1871–72 n. 3; *see also Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) ("[A] court may not in any case, even in the interest of justice, extend its jurisdiction where none exists...."); *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the consent of the parties is irrelevant...."); *accord Akinseye v. Dist. of Columbia,* 339 F.3d 970, 971 (D.C.Cir. 2003) (same).

In that regard, Alpine misunderstands the holding in *City of Arlington.* There, the question presented was "whether a court must defer under *Chevron [U.S.A., Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984) ] to an agency's interpretation of a statutory ambiguity that concerns the scope of the agency's statutory authority (that is, its jurisdiction)." *City of Arlington,* 133 S.Ct. at 1868. At issue was a section of the Communications Act requiring that applications for proposed wireless tower and antenna sites be decided within a "reasonable" period of time by state and local governments. *Id.* at 1866–67. The

FCC promulgated regulations defining what number of days would count as "reasonable." *Id.* at 1867. And the Supreme Court held that courts owed the FCC's interpretation of its regulatory authority to promulgate regulations defining that term *Chevron* deference. *Id.* at 1874–75. Unlike *City of Arlington,* this case does not involve an exercise of FCC regulatory jurisdiction or *Chevron* deference. Rather, this case is about the jurisdiction of Article III courts, and whether FCC had the authority to waive the United States' sovereign immunity and confer subject matter jurisdiction on the district court. On this query, the score is well settled. *See Ramey v. Bowsher,* 9 F.3d 133, 136 n. 7 (D.C.Cir.1993) ("Interpreting statutes granting jurisdiction to Article III courts is exclusively the province of the courts."); *see also Kontrick v. Ryan,* 540 U.S. 443, 452, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004) ("Only Congress may determine a lower federal court's subject matter jurisdiction."); *Settles v. U.S. Parole Comm'n,* 429 F.3d 1098, 1105 (D.C.Cir.2005) ("Sovereign immunity may not be waived by federal agencies."). For the foregoing reasons, we affirm the district court's judgment.[2]

Pursuant to D.C. CIR. R. 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41(a)(1).

---

**2.** To the extent Alpine is arguing that the inclusion of the forum selection clause is itself an agency interpretation of the language in Section 309(j), it points to nothing to suggest that this action in fact represents an interpretation of the cited language. The FCC, in fact, disavows it. Nor, in any event, does Alpine provide authority indicating that the contractual provision would constitute the type of agency regulation to which this Court would accord deference, even if such deference could be squared with our precedent in cases such as *Ramey.*