Vishal v. Garland

BIA
Cassin, IJ
A208 554 351

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand twenty-four.

PRESENT:
> REENA RAGGI,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

VISHAL VISHAL,
> *Petitioner,*

> v.                                                             **21-6481**
>                                                                **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          Mercedes Altman, Westbury, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant

Attorney General; Keith I. McManus, Assistant Director; Spencer Shucard, Trial Attorney, Sarah M. Pribe, Legal Intern, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Vishal Vishal, a native and citizen of India, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Vishal Vishal*, No. A 208 554 351 (B.I.A. Aug. 4, 2021), *aff'g* No. A 208 554 351 (Immig. Ct. N.Y. City Oct. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings for substantial evidence, and questions of law and the application of fact to law de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An asylum applicant bears the burden of proof to demonstrate past

2

persecution or a well-founded fear of future persecution. *Id.* § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(b). This includes a showing that the harm was sufficiently severe, and that it was either at the hands of government actors or private actors that the government was unable and unwilling to control. *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015); *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006).

"The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). To determine whether the applicant has met the applicant's burden, the trier of fact "may weigh the credible testimony along with other evidence of record." *Id.* In some cases, an applicant may be "generally credible," but the applicant's testimony may not persuade the factfinder of the accuracy of the applicant's "claim of crucial facts" if the applicant fails to provide "corroboration that should be readily available." *Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018).

"No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence

is unavailable."   8 U.S.C. § 1252(b)(4).

The agency did not err in concluding that Vishal did not provide "sufficient and reliable evidence to establish the factual basis of his claim."   Cert. Admin. Record 61.   Vishal alleged that he was twice assaulted by members of the Bharatiya Janata Party ("BJP") because of his membership in the Indian National Lok Dal Party ("INLD").   Vishal's testimony conflicted with his affidavit and documentary evidence.   For example, a doctor's letter stated that, after the first attack, Vishal had internal injuries, injuries to his hands, feet, arms, shoulders, and legs, and was bleeding from his knees, but Vishal testified that he sustained injuries only to his hands, feet, and wrists.   The doctor's letter also stated that Vishal returned for an examination on October 25, 2014, but Vishal testified that he did not go back to the doctor after being discharged on October 10, 2014. Vishal's own affidavit stated that his mother answered the door to his attackers in connection with the second attack in July 2015; his mother stated that she and Vishal went to the gate together; and he testified, contrary to both statements, that he answered the door himself.   And Vishal submitted a party membership card but could not explain where the membership card came from.

When confronted with these issues, Vishal said he did not know why there were differences, blamed the doctor, and, with respect to the July 2015 attack,

4

denied that his written statement and testimony differed. Vishal now argues that these inconsistencies can be explained by nerves, poor recollection, or the doctor misremembering the events, but such explanations do not compel a conclusion that his testimony was sufficiently reliable to meet his burden of proof without corroboration. *See Ming Zhang v. Holder*, 585 F.3d 715, 722, 725–26 (2d Cir. 2009) (holding that an applicant's subsequent claim that she was nervous, afraid, and distracted during an interview does not automatically undermine the reliability of her responses); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (emphasis in original and internal quotation marks omitted)).

Nor did the agency err in concluding that Vishal failed to submit sufficient corroborating evidence where it is reasonable to expect such corroboration. As the IJ determined, Vishal's documentary evidence failed to corroborate key aspects of his claim. His father's affidavit did not confirm Vishal's contention that, since leaving India, BJP members have harassed his father and asked about Vishal's whereabouts. A letter from the INLD did not confirm Vishal's party membership, either of the two attacks, or the extent of the injuries resulting from

5

the attacks. And his medical records did not confirm the extent of his treatment.

The agency also reasonably afforded diminished weight to the affidavits from India. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). The IJ reasonably gave minimal weight to letters from Vishal's parents and the INLD district president because his father and the INLD president omitted material details, his parents were interested parties, and all three declarants were unavailable for cross-examination. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020).

In addition, evidence of police corruption was not sufficient to support Vishal's fear of being killed in police custody if returned to India because he did not meet his burden to establish past harm or fear of future harm based on political activities; thus, his country conditions evidence alone did not demonstrate that he would be targeted. *Cf. Mu Xiang Lin v. U.S. Dep't of Just.*, 432 F.3d 156, 160 (2d Cir. 2005) (holding that evidence that some prisoners are tortured was not sufficient to "establish[] that someone in [petitioner's] particular alleged circumstances is more likely than not to be tortured" (emphasis deleted)).

In sum, the agency did not err in concluding that Vishal failed to meet his burden of proof given the inconsistencies and the lack of reliable corroboration of

Vishal's party membership, the attacks, the extent of Vishal's injuries, and Vishal's claims that BJP members have harassed his father and asked about Vishal's whereabouts since he left India. *See* 8 U.S.C. §§ 1158(b)(1)(B)(ii), 1252(b)(4)(B); *Wei Sun*, 883 F.3d at 28. That finding is dispositive of all forms of relief because Vishal had the burden to establish past persecution, a well-founded fear or likelihood of future persecution, or a likelihood of torture. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

Finally, "we lack jurisdiction to review a claim that a single BIA member erred in deciding to resolve unilaterally an appeal of an IJ's order and not to refer the case to a three-member BIA panel." *Kambolli v. Gonzales*, 449 F.3d 454, 465 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7