**Lawrence Ellis MOORE,
Plaintiff-Appellant,**

v.

**Donald DEVINE, Director of the Office of Personnel Management, et al.,
Defendants-Appellees.**

**No. 84–8416.**

United States Court of Appeals,
Eleventh Circuit.

Jan. 30, 1986.

---

Richard H. Sinkfield, Atlanta, Ga., for plaintiff-appellant.

Myles E. Eastwood, Asst. U.S. Atty., Atlanta, Ga., for defendants-appellees.

Susan Murphy, E.E.O.C., Office of Gen. Counsel, Appellate Div., John Cordes, Dept. of Justice, and Marleigh Dover, Washington, D.C., for C. Thomas–E.E.O.C.

John Townsend Rich, Washington, D.C., for amicus curiae.

ON PETITION FOR REHEARING

(Opinion August 12, 1985, 11 Cir., 767 F.2d 1541)

Before KRAVITCH and CLARK, Circuit Judges, and PECK *, Senior Circuit Judge.

CLARK, Circuit Judge:

The appellees and the Lawyers' Committee for Civil Rights Under Law ("Lawyers' Committee"), as amicus curiae, have asked us to clarify Section III of our opinion in *Moore v. Devine*, 767 F.2d 1541 (11th Cir. 1985). We held that a district court faced with a Title VII claim filed by a federal employee is not bound by a previously entered final Equal Employment Opportunity Commission ("EEOC") decision with respect to such a claim, whether favorable or unfavorable to the employee. We stated that the district court may independently determine in a trial *de novo* the merits of the employee's claim. *Id.* at 1549–1551 (captioned *"Enforcement of the Final EEOC Order"*). Upon now being better informed about the applicable federal regulations and case law, we find that they require that the district courts enforce final EEOC decisions favorable to federal employees when requested to do so. We therefore grant the government's Motion to Clarify and the Lawyers' Committee's Petition for Rehearing, and issue this opinion to clarify our previous discussion.

* Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation.

Nonetheless, because the EEOC order in this case is in large part unenforceable and because the employee, Lawrence Moore, requested that the district court hear the merits of his claims, we hold that the employee is not entitled to enforcement of the EEOC order in this case.

## I. *Background*[1]

On August 10, 1981, the EEOC issued a decision in which it found against Moore with respect to his claim of race discrimination in promotion but that Moore had been discriminatorily excluded from the Officer of the Day Program. The EEOC in the same decision concluded that it did not have sufficient information to determine whether Moore's job should be reclassified from grade level GS–13 to GS–14. The EEOC ordered the Office of Personnel Management ("OPM") to provide Moore with equal opportunities "to participate in all aspects of the job shared by other Executive level staff including but not limited to the Officer of the Day Project," Record at 51, and to conduct an audit comparing the functions of Moore's position with those of a GS–14 labor relations position. *Id.* at 50. The EEOC further ordered the OPM to "submit a plan outlining realistic steps that it [would] take to enhance [Moore's] upward mobility within the Atlanta area above the GS–13 level." *Id.* at 51.

On September 14, 1981, OPM notified the EEOC that it could not comply with the order because Moore had not been in its employ since his position was transferred to the EEOC in 1979[2] and because the Officer of the Day Program no longer existed. Due to the "impossibility or mootness of the ... ordered action," OPM considered the case to require no further action. *Id.* at 53–54.

Moore then filed suit against OPM and the EEOC in the United States District Court for the Northern District of Georgia. In his amended complaint, Moore raised the same claims that he had presented to the EEOC, as well as others not relevant to the present discussion, and requested that the court "conduct a hearing on the merits of this action." Record at 83. Nowhere in his complaint did Moore mention the EEOC's order or request its enforcement. However, Moore did request enforcement of the EEOC order in Proposed Findings of Fact submitted to the court before trial. Record at 181 (apparently supplementing his Pre-trial Memorandum; *see* Record at 158). He also submitted proposed findings on the merits of his claims.

Following trial, the district court ordered judgment in favor of the defendants and issued a memorandum in support of the order in which it addressed the enforcement issue as raised in Moore's Proposed Findings of Fact. Noting that the EEOC order "misses the point that Mr. Moore was not an OPM employee," the court found that the comparative audit would be very difficult to do. Record at 202. Because of this difficulty and because it had found against Moore on the merits of the reclassification issue, the court refused to enforce the order. *Id.* at 208. In reaching its decision, the court assumed that it was not bound by the EEOC decision. *Id.* It did not address the enforcement of the other actions ordered by the EEOC, but did find that Moore had not been discriminatorily excluded from the Officer of the Day Pro-

---

1. We include only those facts necessary to an understanding of the law clarified herein. *See Moore,* 767 F.2d at 1542–1544 for a more complete description of the facts of this case.

2. Moore was never actually employed by OPM. He had been employed by the Civil Service Commission ("CSC") at the time the alleged discrimination arose. His position was transferred to the EEOC in 1979 when the functions of the CSC were taken over by the EEOC and OPM. Apparently some of the alleged discriminatory acts related to a position held by Moore prior to his placement in the position eventually transferred to the EEOC. This first position was likely transferred to OPM, explaining why the order was directed to OPM and why OPM's letter refusing compliance indicated Moore had once worked at OPM although Moore had never actually been employed there. See text accompanying n. 1 of our first opinion, 767 F.2d 1543, for a summary of the changes resulting from the Reorganization Plan No. 1 of 1978.

gram as participation was voluntary and he had not volunteered.

On appeal, the parties agreed that the issue whether the district court was bound by an EEOC decision favorable to a federal employee was a question of first impression. We affirmed the district court's refusal to enforce the EEOC decision.

## II. *Discussion*

Our holding relied on *Chandler v. Roudebush*, 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976). The Supreme Court held in *Chandler* that a federal employee who is dissatisfied with a final EEOC decision is entitled to trial *de novo* of his or her Title VII claim in federal court. Reviewing the language and legislative history of Title VII, the Court concluded that Congress intended to afford the same broad protection to federal, state and private-sector employees through access to *de novo* consideration of allegations of discrimination in federal court. *Id.* at 849–862, 96 S.Ct. at 1954–1960. Relying on the general principle that Congress intended to treat federal, state and private-sector employees alike, and reasoning from several cases in which EEOC findings of probable state or private-sector discrimination were held to be non-binding, we concluded that EEOC orders favorable to federal employees are similarly non-binding. We failed to take into account significant differences between the EEOC's role in adjudicating federal employees' Title VII claims and its role in handling such claims by state and private-sector employees.

The EEOC has no power to order corrective action when it finds reasonable cause to believe state or private-sector discrimination has occurred. Rather, it must attempt to eliminate the discriminatory practice through informal methods of conciliation. 29 C.F.R. § 1601.24(a). If conciliation fails, the EEOC issues to the employee a notice of right to sue pursuant to § 1601.28(b), allowing the employee to institute an independent action in federal district court. As the EEOC may not order remedial action, the issue of the binding nature of an EEOC decision favorable to a state or private-sector employee never arises.

The administrative scheme and the role of the EEOC are quite different when federal employee charges are filed. Assuming informal resolution has not occurred, the federal employee has a right to an administrative hearing within the employing agency before a neutral complaints examiner. 29 C.F.R. §§ 1613.217(b), 1613.218(a). The complaints examiner, upon conclusion of the hearing, issues "findings and analysis" and a "recommended decision" on the merits of the complaint, including recommended "remedial action." § 1613.218(g). That recommended decision becomes "a final decision binding on the agency" employer if the agency does not act to reject or modify the decision within 30 days after its submission to the agency. § 1613.220(d).

The employee may appeal an adverse agency decision to the Commission. § 1613.231(a). The EEOC issues a "written decision setting forth its reasons." It is also authorized to "remand a complaint to the agency for additional investigation or a rehearing." § 1613.234. When the EEOC orders corrective action, "the agency shall report promptly to the [EEOC] that the corrective action has been taken. The decision of the [EEOC] is final, but shall contain a notice of right to file a civil action...." *Id.* Although the agency may request reconsideration by the Commissioners of an adverse decision, when there has been no timely request for reopening, or reopening has been denied, the agency must implement the corrective action ordered by the EEOC. § 1613.235(a).

 Thus, in contrast to the more limited administrative scheme applicable to EEOC review of claims of state or private-sector employee discrimination, the administrative scheme envisioned by Congress for resolution of such federal disputes grants to the complaints examiners and the EEOC the power to issue final, binding decisions ordering corrective action by the agency employer. A state or private-sector employee must seek adjudicative relief from the dis-

trict court. However, a federal employee may obtain such relief through his employing agency and the Commission with an enforcement order from the district court if the agency fails to comply. Alternatively, the employee may elect to seek relief from the district court in the same manner as a state or private-sector employee, as described in *Chandler*.[3] Our prior decision held that a final agency or EEOC order that is favorable to a federal employee was not a final adjudication and should be re-litigated *de novo* in the district court. That would require an employee who has successfully invoked an administrative scheme designed to bind agencies to remedy discrimination to prove his or her entire case again in federal court when the agency refuses to take the ordered corrective action. This result would undercut the utility of administrative dispute resolution provided in the statute and regulations, which gives the employee the option of adjudicating the issue of discrimination in the administrative forum or in the district court.

Our discussion in *Moore v. Devine*, 767 F.2d 1541, is inconsistent with the Ninth Circuit's holding in *Houseton v. Nimmo*, 670 F.2d 1375 (9th Cir.1982). The employee in that case used to enforce a Civil Service Commission ("CSC")[4] decision finding discrimination in training and ordering the agency to commence a training program for the employee. The court of appeals held that once the CSC decision became final, it was properly subject to an enforcement order in federal court, citing 29 C.F.R. § 1613.235(b). *Houseton*, 670 F.2d at 1378. Federal district courts have uniformly granted requests for enforcement of favorable final agency and EEOC decisions without requiring *de novo* review

of the merits of the discrimination claims, unless the court has found the relief ordered to be outside the EEOC's authority. *See, e.g., Pearch v. Pierce*, 31 Fair Empl. Prac.Cas. (BNA) 1403, 1405–1406 (D.D.C. 1982); *Margules v. Block*, 38 Fair Empl. Prac.Cas. (BNA) 1244 (D.Or.1981) *White v. HHS*, 30 Fair Empl.Prac.Cas. 880, 882 (D.D.C.1981).

■ Were we presented with a straight-forward case in which the employee had filed suit in federal court seeking only to enforce a favorable EEOC order, we would be compelled to reverse the district court and order enforcement. However, this case is complicated by several factors that lead us to affirm the district court's judgment with respect to this issue.

The EEOC's order, while favorable to Moore in several respects, is unenforceable because it is directed to an agency in which Moore is not employed and because it requires that Moore be allowed to participate in a program that no longer exists. Moore was working for the EEOC at the time the EEOC ordered OPM to take corrective action. To the extent the order requires continuing effort to ensure that Moore be given equal opportunities to participate in various staff programs and to move upward within the agency and government, it is impossible for OPM to carry out. OPM can hardly be expected specifically to redress discrimination suffered by someone with whom it is not associated and over whom it exercises no authority. Nor can the agency be expected to place the employee in a program that has not existed for years.

---

**3.** Section 29 C.F.R. § 1613.281 (1985) states in pertinent part:

An employee or applicant is authorized by section 717(c) of the Civil Rights Act, as amended, 84 Stat. 112, to file a civil action in an appropriate United States district court:
(a) Within thirty (30) calendar days of receipt of notice of final action taken by the agency on a complaint,
(b) After one hundred and eighty (180) calendar days from the date of filing a complaint with the agency if there has been no decision,

(c) Within thirty (30) calendar days after receipt of final action taken by the Commission on the complaint, or
(d) After one hundred and eighty (180) calendar days from the date of filing an appeal with the Commission, if there has been no Commission decision.
. . . .

**4.** Predecessor to the EEOC.

It is not clear whether OPM is in a position to implement that part of the decision ordering a comparative audit. While OPM does not employ Moore and cannot reclassify his position, it does employ the position with which Moore seeks comparison and is the successor to the agency that originally classified Moore's position. Arguably, it may have been appropriate for the EEOC to order OPM to conduct the comparative audit. Even so, because Moore pled and tried the merits of this claim in the district court, he is foreclosed from complaining about the district court's decision independently to review the reclassification issue and to disregard the EEOC's decision.

■■■■ We do not hereby suggest that an employee who seeks redress of an agency's refusal to comply with an order requiring further fact-finding invariably thereby opens the merits of his or her claim to *de novo* review by the district court. The employee may request enforcement by the district court without requesting and trying the merits of the claim. However, where, as here, the employee files a complaint asking the district court to consider the case on the merits and proceeds to trial *de novo* of the very claims resolved by the EEOC, he or she cannot complain when the district court independently resolves the claims on the merits.[5]

We point out that this is not a case in which the employee has prevailed before the EEOC and then been required to submit his or her proof anew at the whim of the court or the government. Moore has been deprived of nothing that he would have received had the order been enforced. OPM was not in a position to comply with most of the order, and the remaining corrective actions were performed by the court. As the EEOC had not rendered a decision on the merits of the reclassification claim, Moore could hope to gain no more from the comparative audit ordered by the EEOC than a fair assessment of the classification assigned to his position. The court performed such an assessment.

Our opinion as previously filed is modified in accordance with the foregoing, and our previous decision affirming the judgment of the district court is unchanged.

AFFIRMED.

---

**5.** Our holding has nothing to do with the fact that Moore raised his enforcement claim for the first time in his Pre-trial Memorandum. The government has not objected to the claim on this ground, and the parties and district court treated the claim at trial as if properly raised in the pleadings. This issue was hence "tried by the ... implied consent of the parties," and we must treat it as properly pled. Fed.R.Civ.P. 15(b).