[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14567
Non-Argument Calendar
_____

D. C. Docket No. 03-02916-CV-ODE-1

RODERICK BOONE,

Plaintiff-Appellant,

versus

DONALD RUMSFELD,
Secretary, U.S. Department of Defense,
FRANCIS J. HARVEY,
Secretary of the U.S. Department
of the Army,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 6, 2006)**

Before CARNES, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Roderick Boone appeals the district court's grant of the U.S. Department of Defense's ("DOD's") motion for summary judgment as to Boone's complaint alleging employment discrimination and retaliation. Boone alleged that he was wrongfully terminated in May of 2001 from employment as a civilian heavy mobile equipment repairer ("HMER"), in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 794. First, Boone argues that the district court erred in ruling that the doctrine of collateral estoppel did not prevent the DOD from relitigating the issue of whether he is a qualified disabled individual. A previous Equal Employment Opportunity Commission ("EEOC") decision from January 17, 2001, found that Boone was a qualified disabled individual and awarded damages against the DOD, finding that it had failed to accommodate Boone. Second, Boone argues that the district court erred in granting summary judgment as to his disability discrimination claim because he was eligible for an accommodation in the form of a light-duty position. The DOD had created such positions to accommodate other HMERs who could no longer perform the duties required by that position. Finally, Boone contends that the district court erred in granting summary judgment as to his retaliation claim because he established that the DOD's reason for terminating him – his inability to perform the essential functions of the HMER

position – was pretextual given that other HMERs were accommodated with lighter duties.

We review the district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *Reed v. Heil Co.*, 206 F.3d 1055, 1061 (11th Cir. 2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

I.   DISABILITY DISCRIMINATION

Section 504 of the Rehabilitation Act of 1973 prohibits federal agencies from discriminating against "otherwise qualified" disabled employees. 29 U.S.C. § 794(a). Discrimination claims brought under the Rehabilitation Act are governed by the same standards as claims brought under Title I of the Americans with Disabilities Act of 1990 ("ADA"). *Holbrook v. City of Alpharetta*, 112 F.3d 1522, 1526 n.2 (11th Cir. 1997). Such claims are analyzed under the three-part test outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Durley v. APAC, Inc.*, 236 F.3d 651, 657 (11th Cir. 2000) (*McDonnell Douglas* framework applies to ADA disability discrimination claims).

3

First, the plaintiff must present a prima facie case of disability discrimination. *Cleveland v. Home Shopping Network, Inc.*, 369 F.3d 1189, 1193 (11th Cir. 2004). If the plaintiff establishes a prima facie case, the defendants may rebut it by articulating a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* Once the defendants have rebutted the plaintiff's prima facie case, the plaintiff bears the burden of establishing that the defendants' reason is pretextual. *Id.* To establish a prima facie case of disability discrimination under the ADA, a "plaintiff must show that: (1) he was disabled; (2) he was a 'qualified individual' at the relevant time, meaning he could perform the essential functions of the job in question with or without reasonable accommodations; and (3) he was discriminated against because of his disability." *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001).

A.    Collateral Estoppel

We review de novo a district court's decision about whether collateral estoppel applies. *Quinn v. Monroe County*, 330 F.3d 1320, 1328 (11th Cir. 2003) (internal citation omitted). "The district court's factual determinations underlying its legal conclusion are upheld unless clearly erroneous." *Id.*

"[C]ollateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding." *Pleming v. Universal-Rundle*

4

*Corp.*, 142 F.3d 1354, 1359 (11th Cir. 1998) (citation omitted).  The party relying on the doctrine of collateral estoppel must show:

> (1) the issue at stake is identical to the one involved in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the determination of the issue in the prior litigation must have been "a critical and necessary part" of the judgment in the first action; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding.

*Id.*  A federal employee may request that a district court enforce a prior EEOC order in his favor without a de novo review of his claim's merits.  *Moore v. Devine*, 780 F.2d 1559, 1564 (11th Cir. 1986).  However, a Rehabilitation Act plaintiff who seeks de novo review of actions taken by his employer *after* a favorable EEOC decision, rather than mere enforcement of the previous EEOC order, is not entitled to limit the district court's de novo review to issues that the prior EEOC decision did not address.  *See Ellis v. England*, 432 F.3d 1321, 1325 (11th Cir. 2005) (per curiam).

Here, Boone argues that because the EEOC ruled in his favor, the DOD is collaterally estopped from arguing that he is a qualified disabled individual.  The January 17, 2001, EEOC decision found Boone to be disabled and found that the DOD failed to reasonably accommodate him on one occasion in September of 1998.  Nevertheless, the district court did not err in rejecting Boone's claim that

5

collateral estoppel barred the DOD from asserting that he was not a qualified disabled individual at the time of his termination in May of 2001.

First, Boone's claim that the DOD violated the Rehabilitation Act by terminating his employment in May of 2001 rather than reasonably accommodating him presents issues that are not "identical to the [issues] involved in the prior proceeding." *Pleming*, 142 F.3d at 1359. Whether the DOD failed to reasonably accommodate Boone at the time of his termination is not identical to the issue of whether the DOD failed to reasonably accommodate him in 1998 (the time of the violation alleged in Boone's EEO complaint) because Boone's condition changed over time. Furthermore, Boone's termination claim involves facts and evidence that were not presented to the EEOC as a basis for its January 17, 2001, decision. Before the district court, the DOD presented new evidence including Boone's March 2000 medical evaluation, which found that he needed permanent work restrictions, and the HMER position description, which showed that the requirements of Boone's job were inconsistent with those restrictions. Boone also presented new evidence in the form of declarations by other HMERs in which they stated that they did not perform the duties in the written position description.

Second, where an administrative court has previously ruled in favor of a

federal employee's EEO complaint, that decision will only bind a district court in the narrow situation where the plaintiff is asking merely that the district court enforce the prior administrative ruling. *Moore*, 780 F.2d at 1562-1564. Here, Boone does not ask solely for enforcement of the EEOC decision, but rather seeks de novo review of an action taken by the DOD after the EEOC decision, namely his termination from employment in May of 2001. Boone is not entitled to limit the scope of review by the district court to the findings in the January 17, 2001, EEOC decision. *See Ellis*, 432 F.3d at 1325. Accordingly, the district court did not err in concluding that collateral estoppel did not preclude the DOD from arguing that he was not a qualified disabled individual at the time of his termination in May of 2001.

B.     Reasonable Accommodation

A "qualified individual with a disability" is an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position he held. 42 U.S.C. § 12111(8); *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000). An employer must provide reasonable accommodations to an employee with a known disability unless such accommodations would result in undue hardship to the employer. *Lucas*, 257 F.3d at 1255. Accommodations are "reasonable" if they will allow the employee to

7

perform the essential functions of his job. *LaChance v. Duffy's Draft House*, 146 F.3d 832, 835 (11th Cir. 1998). The employee bears the burden of identifying reasonable accommodations which, if provided, would allow him to perform the essential functions of the job. *Id.* at 836.

"Essential functions" are defined as the fundamental duties of a position, rather than its marginal functions. 29 C.F.R. § 1630.2(n)(1). The issue of whether a particular job duty is an essential function involves a factual inquiry to be conducted on a case-by-case basis. *Davis*, 205 F.3d at 1305. The ADA regulations catalogue seven factors to consider in deciding whether a function is essential to a particular job. These factors are:

> (i) The employer's judgment as to which functions are essential; (ii) Written job descriptions prepared before advertising or interviewing applicants for the job; (iii) The amount of time spent on the job performing the function; (iv) The consequences of not requiring the incumbent to perform the function; (v) The term of a collective bargaining agreement; (vi) The work experience of past incumbents in the job; and/or (vii) The current work experience of incumbents in similar jobs.

29 C.F.R. § 1630.2(n)(3).

Reasonable accommodations may include job restructuring, part-time or modified work schedules, acquisition or modification of equipment or devices, and reassignment to another position. 42 U.S.C. § 12111(9)(B); 29 C.F.R. § 1630.2(o); *Talavera v. Sch. Bd. of Palm Beach County*, 129 F.3d 1214, 1217 (11th Cir. 1997).

8

However, "an employer is not required by the ADA to reallocate job duties in order to change the essential functions of a job." *Earl v. Mervyns*, *Inc.*, 207 F.3d 1361, 1367 (11th Cir. 2000) (per curiam) (internal quotations and citations omitted).

Here, the district court erred in granting summary judgment as to Boone's discrimination claim on the basis that Boone's medical restrictions were not compatible with his performing the essential functions of the HMER position. In particular, the court ruled that Boone was too severely incapacitated to perform the HMER duties of heavy lifting, bending, stooping, and twisting, as identified in the DOD's written position description. Boone presented declarations from seven other HMERs, each of whom indicated that heavy lifting was not an essential function of the HMER position. The district court reasoned that, even if heavy lifting was not an essential function of the job, bending, stopping, and twisting were also essential functions that Boone was prevented from performing. However, the declarations reveal that several other HMERs, including one with a medical condition similar to Boone's, did not perform these additional functions, despite the fact that they were included in the written position description. The declarations also revealed that the DOD accommodated several other HMERs by allowing them to perform mostly non-HMER duties, such as computer work.

In light of this evidence, a genuine issue of fact exists as to the essential

9

functions of an HMER at the time when Boone was terminated from his position. The district court erred by deciding this material factual issue in favor of DOD on summary judgment.

## II. RETALIATION

The anti-retaliation provision of the Rehabilitation Act, which incorporates § 12203(a) of the ADA, provides "[n]o person shall discriminate against an individual because such individual has opposed any act or practice made unlawful by this Act." 29 U.S.C. § 794(a), (d), 42 U.S.C. § 12203(a). To establish a prima facie retaliation case, "a plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse employment action; and (3) the adverse action was causally related to the protected expression." *Wideman v. Wal-Mart Stores, Inc.*, 141 F.3d 1453, 1454 (11th Cir. 1998) (Title VII context). Once the employee establishes a prima facie case of retaliation, the burden switches to the employer to articulate a nonretaliatory reason for its treatment of the employee. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (same). If the employer presents a legitimate explanation for its actions, the burden then returns to the employee to show that the explanation is pretextual. *Id.*

The district court also erred in granting summary judgment as to Boone's retaliation claim. The district court first assumed that Boone could establish a

prima facie retaliation case based on the temporal proximity of his protected activity (filing and prosecuting his disability discrimination complaint before the EEOC) to the adverse employment action (his termination). The district court then concluded that the DOD's proffered legitimate, nondiscriminatory reason for terminating Boone – his medical inability to perform the essential functions of the HMER position even with a reasonable accommodation – was not pretextual because the court had already concluded that Boone was unable to perform his duties as an HMER at the time he was terminated. However, because a genuine question of fact exists as to the essential functions of an HMER, the district court erred in finding that the DOD's legitimate, nondiscriminatory reason for Boone's termination was not pretextual. Accordingly, we vacate the district court grant of summary judgment in favor of the DOD on Boone's retaliation claim.

**AFFIRMED IN PART, VACATED AND REMANDED IN PART.**