[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15635
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00084-CAR

RAMON YOUNG,

Plaintiff-Appellant,

versus

FEDEX EXPRESS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 28, 2011)

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Ramon Young, a black male, appeals from the district court's grant of summary

judgment in favor of his former employer, FedEx Express Corp. ("FedEx"), in his

race discrimination suit, under 42 U.S.C. § 1981 and Title VII. On appeal, he argues that the district court erred in failing to consider on summary judgment an Equal Employment Opportunity Commission ("EEOC") report that determined FedEx was discriminatory when it fired him for violating its no-tolerance falsification policy. After thorough review, we affirm.

We review a district court's grant of summary judgment de novo, viewing all evidence and drawing all reasonable inferences in favor of the non-moving party. Owen v. I.C. Sys., Inc., 629 F.3d 1263, 1270 (11th Cir. 2011). We review district court decisions on the admissibility of evidence for abuse of discretion. Corwin v. Walt Disney Co., 475 F.3d 1239, 1249 (11th Cir. 2007) (citations omitted). For us to reverse based on a district court's abuse of discretion in an evidentiary ruling, a party must establish that the error affected a substantial right. Proctor v. Fluor Enter., Inc., 494 F.3d 1337, 1349 (11th Cir. 2007). We do not address arguments raised for the first time in a reply brief. Hall v. Coram Healthcare Corp., 157 F.3d 1286, 1290 (11th Cir. 1998).

Summary judgment is appropriate when the record presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Owen, 629 F.3d at 1270. A disputed fact is material if the fact "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477

U.S. 242, 248 (1986).  A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Id.  The moving party bears the burden of establishing the absence of a dispute over a material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The opposing party must offer more than a "mere scintilla of evidence" in support, such that "the jury could reasonably find for that party."  Brooks v. County Comm'n of Jefferson County, Ala., 446 F.3d 1160, 1162 (11th Cir. 2006).  "Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment."  Bald Mountain Park, Ltd. v. Oliver, 863 F.2d 1560, 1563 (11th Cir. 1989).

Title VII prohibits an employer from discriminating against a person based on race. 42 U.S.C. § 2000e-2(a)(1).  Likewise, under 42 U.S.C. § 1981, an employee has the right to be free of intentional racial discrimination in the performance of a contract.  The elements required to establish a § 1981 claim are the same as those required to establish a Title VII claim.  Rice-Lamar v. City of Ft. Lauderdale, 232 F.3d 836, 843 n.11 (11th Cir. 2000).

A plaintiff may establish a discrimination claim through the introduction of direct or circumstantial evidence of discrimination.  Dixon v. The Hallmark Companies, Inc., 627 F.3d 849, 854 (11th Cir. 2010).  Where, as here, the plaintiff relies on circumstantial evidence of discrimination, we apply the burden-shifting

3

framework articulated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1264 (11th Cir. 2010).  Under

that framework, a plaintiff is first required to establish a prima facie case of

discrimination.  Id.  To do that, he may show that: (1) he is a member of a protected

class; (2) he was subject to an adverse employment action; (3) his employer treated

similarly situated employees who were not members of his protected class more

favorably; and (4) he was qualified to do the job.  Burke-Fowler v. Orange County,

447 F.3d 1319, 1323 (11th Cir. 2006).

In determining whether employees are similarly situated in cases involving

allegedly discriminatory discipline, we evaluate "whether the employees [were]

involved in or accused of the same or similar conduct and [were] disciplined in

different ways."  Id. (quotation omitted).  The quantity and quality of the

comparator's misconduct must be "nearly identical" to the plaintiff's misconduct, in

order "to prevent courts from second-guessing employers' reasonable decisions."  Id.

(quotation omitted).

If the plaintiff presents a prima facie case, the burden of production shifts to

the defendant to offer a legitimate, non-discriminatory reason for the adverse

employment action.  Alvarez, 610 F.3d at 1264.  If the defendant meets this burden

of production, the burden shifts back to the plaintiff to show that the stated reason is

4

a mere pretext for unlawful discrimination. Id. A reason is not pretext for discrimination unless it is shown both that the reason was false and that discrimination was the real reason. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993).

Ultimately, an employee must meet the employer's stated reason "head on and rebut it, and [he] cannot succeed by simply quarreling with the wisdom of that reason." Alvarez, 610 F.3d at 1266. A plaintiff can do so directly, by persuading the court that a discriminatory reason more likely motivated the employer, or indirectly, by showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." Id. at 1265 (quotation omitted).

We have held that EEOC cause determinations are generally admissible under the hearsay exception for public records. Walker v. Nations Bank of Fla. N.A., 53 F.3d 1548, 1554 n.7 (11th Cir. 1995). However, the admissibility of EEOC findings is subject to the sound discretion of the district court, and a court can refuse to admit an EEOC report if it "contains legal conclusions in addition to its factual content," or if it presents issues of trustworthiness. Barfield v. Orange County, 911 F.2d 644, 650 (11th Cir. 1990).

Furthermore, EEOC findings are not binding with regard to subsequent discrimination suits in federal court. Moore v. Devine, 767 F.2d 1541, 1550-51 (11th Cir. 1985), modified on reh'g, 780 F.2d 1559, 1560 (11th Cir. 1986). The district court is not required to defer or make reference to the EEOC determination, as it has to conduct a de novo review of the claims. Id. "[W]hile EEOC findings in general may be significant evidence, their probative force in individual cases varies considerably and is left to the determination of the trial court." Id. (quotation omitted).

Evidence here showed that Young was responsible for delivering packages in accordance with company policy and customer preferences, and accurately describing the nature of his deliveries in FedEx's system. Company policy, in particular, required a courier obtain a recipient's signature except under certain circumstances, and FedEx fired Young after a customer complained he left a package without obtaining a signature, and an investigation revealed he falsified the customer's signature on that and multiple other occasions. Young filed a charge with the EEOC, and that agency issued a report concluding that discrimination occurred, but the copy submitted in court was unsigned, the report itself did not specify the basis for certain conclusions, and it contained legal analysis that was non-binding.

Under the circumstances, we conclude that the district court did not abuse its discretion in failing to consider the EEOC report and its associated information. The report lacked trustworthiness, and, therefore, the district court's decision to exclude the report was reasonable and not an abuse of its discretion. Moreover, assuming arguendo, that the district court did abuse its discretion, any error was harmless because it did not affect Young's substantial rights. Indeed, even when considering the EEOC report, Young failed to establish a prima facie case of discrimination, because none of coworkers he proffered as comparators were nearly identical to him in the quality or quantity of their conduct. Furthermore, even if Young did establish a prima facie case, undisputed evidence showed that FedEx had a legitimate, non-discriminatory reason for firing him that he failed to specifically rebut or show was pretext for discrimination. Accordingly, we affirm.[1]

**AFFIRMED.**

---

[1] Finally, Young's argument that FedEx failed to properly challenge the admissibility of the EEOC report was raised for the first time in his reply brief. Therefore, it need not be considered. See Hall, 157 F.3d at 1290.