[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13684
Non-Argument Calendar

_____

D.C. Docket No. 5:10-cv-01374-RDP

CHARLES HETHERINGTON,

Plaintiff-Appellant,

versus

WAL-MART, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(March 5, 2013)

Before MARCUS, WILSON and MARTIN, Circuit Judges.

PER CURIAM:

Charles Hetherington appeals the district court's grant of summary judgment

in favor of his former employer, Wal-Mart, Inc. ("Wal-Mart"), in his disability

discrimination action under the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.  On appeal, Hetherington argues that: (1) the district court abused his discretion in striking evidence Hetherington submitted in opposition to Wal-Mart's summary judgment motion; (2) the district court erred in granting Wal-Mart's summary judgment motion since Hetherington opposed summary judgment by showing that he was substantially limited in thinking, walking, using his right hand, reading, learning, and working.  After thorough review, we affirm.

A district court has broad discretion in determining the admissibility of evidence, and we review evidentiary rulings for abuse of discretion.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1243 (11th Cir. 2009).  We review the granting of summary judgment de novo, construing the facts in the light most favorable to the nonmoving party.  Holly v. Clairson Indus., LLC, 492 F.3d 1247, 1255 (11th Cir. 2007).

First, we find no merit to Hetherington's claim that the district court abused its discretion in striking his evidence on summary judgment.  Declarations used to support or oppose a summary judgment motion must be based on personal knowledge and must set forth facts that would be admissible under the Federal Rules of Evidence.  See Fed.R.Civ.P. 56(c)(4).  Hearsay is an out-of-court statement offered to prove the truth of the matter asserted.  See Fed.R.Evid. 801(c).

2

A district court may consider hearsay in ruling on a summary judgment motion where that statement could be "reduced to admissible evidence at trial." Macuba v. DeBoer, 193 F.3d 1316, 1323 (11th Cir. 1999) (quotation omitted).

The Federal Rules of Evidence create an exception to the hearsay rule for the records of public agencies that set forth factual findings resulting from a legally authorized investigation, unless the sources of information or other circumstances indicate lack of trustworthiness. Fed.R.Evid. 803(8). Cause determinations by the Equal Employment Opportunity Commission ("EEOC") are generally admissible under the hearsay exception for public records. See Walker v. NationsBank of Fla. N.A., 53 F.3d 1548, 1554 & n.7 (11th Cir. 1995). However, the admissibility of EEOC findings is subject to the sound discretion of the district court, and a court can refuse to admit an EEOC report if it contains legal conclusions in addition to its factual content, or if it presents issues of trustworthiness. Barfield v. Orange Cnty., 911 F.2d 644, 650 (11th Cir. 1990).

As the record shows here, the magistrate judge did not abuse his discretion by excluding portions of the declaration of Hetherington's father (Charles Hetherington, Sr.) since the statements excluded were not within the father's personal knowledge. See Fed.R.Civ.P. 56(c)(4). Further, even assuming that these statements could be found to be within his personal knowledge, they had no probative value with respect to whether summary judgment should be granted

3

because they were conclusory and lacked specific supporting facts. See Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1228 (11th Cir. 1999) (conclusory allegations without specific supporting facts have no probative value). The magistrate also did not abuse his discretion in striking the portion of the EEOC cause determination that provided that Hetherington was a qualifying legal individual with a disability because this was a legal conclusion. See Barfield, 911 F.2d at 650. Moreover, because the statement by Wal-Mart employee Margaret McCluskey would not have been admissible at trial, it was properly stricken. The document constituted hearsay, and Hetherington has failed to identify any applicable exception to the hearsay rule. Finally, any error in excluding the remainder of the evidence was harmless, as the exclusion of the evidence did not affect the outcome of the case. See Outside the Box Innovations, LLC v. Travel Caddy, Inc., 695 F.3d 1285, 1297 (11th Cir. 2012) (providing that any error in the admission or exclusion of evidence may be tolerated unless it had a substantial influence on the outcome of the case).

We are also unpersuaded by Hetherington's claim that the district court erred in granting Wal-Mart's summary judgment motion. A district court shall grant summary judgment where the evidence shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). To establish a prima facie case of disability discrimination

4

under the ADA, a plaintiff must show that (1) he has a disability; (2) he is a qualified individual; and (3) he was discriminated against because of his disability. See Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1193 (11th Cir. 2004). If the plaintiff establishes a prima facie case, a presumption of discrimination arises and the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for the employment action. Id. If the defendant meets its burden, then the plaintiff must show that the proffered reason is a pretext for discrimination. Id.

The ADA defines "disability" as (1) a physical or mental impairment that substantially limits one or more of the plaintiff's major life activities; (2) a record of such an impairment; or (3) being regarded as having such an impairment. Hilburn, 181 F.3d at 1226. The term "major life activities" includes functions such as performing manual tasks, walking, learning, and working. Id. at 1226-27. In determining whether an individual is substantially limited in a major life activity, the following factors should be considered: (1) the nature and severity of the impairment; (2) the duration or expected duration of the impairment; and (3) the permanent or long-term impact of the impairment. Id. at 1227. An individual's ability to work is substantially limited if he is "significantly restricted" in his ability to perform either a class of jobs or a broad range of jobs in various classes

5

as compared to an average person who has comparable training, skills and abilities. D'Angelo v. ConAgra Foods, Inc., 422 F.3d 1220, 1227 (11th Cir. 2005).

As an initial matter, the district court did not err in not addressing the EEOC cause determination in deciding Wal-Mart's summary judgment motion.[1] EEOC findings are not binding with regard to subsequent discrimination suits in federal court. See Moore v. Devine, 767 F.2d 1541, 1542-43, 1550-51 (11th Cir. 1985), modified on reh'g, 780 F.2d 1559, 1560, 1562-63 (11th Cir. 1986). Moreover, the district court was not required to defer or make reference to the EEOC determination, as it had to conduct a de novo review of his claim. Id. at 1550-51.

Next, although the evidence shows that Hetherington is somewhat limited in thinking, reading, and learning, he is able to read and write, and his reading level has been evaluated to be at a junior high level. He also completed 12 years of school. Thus, he did not show that he was substantially limited in these activities. The evidence also shows that he was somewhat limited in walking and using his right hand, as he limped on his right leg and his right arm shook when he reached for items. However, the evidence shows that he was able to drive a car, bathe, shower, and dress himself. He also exercised at a health center by walking and lifting weights. In previous positions, he performed a number of different jobs

---

[1] We also reject Hetherington's argument that we should rely on the legislative history of the ADA Amendments Act of 2008 ("ADAAA") in deciding his case since it was not in effect during the events in question. Hetherington concedes that the ADAAA does not apply retroactively; accepting his argument would have the effect of applying the ADAAA retroactively to him.

including assembling bolts, putting boxes together, packaging and sorting welding rods, clipping strings from cargo nets, assembling belts, bagging groceries, assisting customers unload groceries into their cars, unloading merchandise from trucks, and delivering the items to their proper location in the store. Based on the evidence concerning his past positions, he is not substantially limited in using his right hand or walking.

Hetherington also claims that he is substantially limited in the major life activity of working. But the fact that he is unable to obtain a job that requires one to pass the General Education Development ("GED") exam does not show that he is unable to perform either a class of jobs or a broad range of jobs in various classes as compared to an average person, as the comparator is an average person who has comparable training and skills. D'Angelo, 422 F.3d at 1227.

Finally, Hetherington contends that he also is disabled because Wal-Mart had a record of his disability. Hilburn, 181 F.3d at 1226. He claims that his receipt of an North Alabama Committee on Employment of People with Disabilities ("NACEPD") achievement award illustrates this because a Wal-Mart store manager attended the award ceremony, and a personnel manager supported his award nomination. He also points to evidence showing that the individual who terminated Hetherington knew that he limped, had a scar on his head, and was slow in speaking. To the extent this evidence can even constitute a "record" under the

ADA, Hetherington fails to explain how these events show that he suffered from an impairment that would substantially limit one or more life activities. See Hilburn, 181 F.3d at 1229 (holding that the record-of-impairment standard is satisfied only if the plaintiff "actually suffered a physical impairment that substantially limited one or more of h[is] major life activities"). Accordingly, because he has failed to show that he is disabled under the ADA, the district court did not err in granting summary judgment in favor of Wal-Mart.[2]

**AFFIRMED.**

---

[2] It is unnecessary for this Court to address Hetherington's arguments concerning pretext, since he failed to show that he had a disability under the ADA.