[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14273
Non-Argument Calendar

_____

D.C. Docket No. 4:15-cv-10222-JEM

SHARON A. JONES,

Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF DEFENSE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 12, 2018)

Before TJOFLAT, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Sharon Jones, proceeding *pro se*, appeals from the district court's dismissal of her amended complaint for lack of subject-matter jurisdiction.  On appeal, Jones argues that the district court erred in granting the motion to dismiss with prejudice filed by the National Security Agency ("NSA").  We review *de novo* a district court's grant of a motion to dismiss for lack of subject-matter jurisdiction. *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006).

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2(a)(1).  In cases of federal employee discrimination, Congress granted the Equal Employment Opportunity Commission ("EEOC") the power to issue "final, binding decisions ordering corrective action by the agency employer."  *Moore v. Devine*, 780 F.2d 1559, 1562 (11th Cir. 1986).

Following the conclusion of the EEOC's administrative process, a federal employee may either (1) sue to enforce the administrative decision with which an agency has failed to comply; or (2) if unhappy with the EEOC's decision, bring a claim in federal district court and obtain the same *de novo* review that a private sector employee receives in a Title VII action.  *See Ellis v. England*, 432 F.3d 1321, 1324 (11th Cir. 2005); *see also* 42 U.S.C. § 2000e-16(c).

Here, the district court erred in its determination that it did not have subject-matter jurisdiction.  Jones, a federal employee, can obtain *de novo* review of her discrimination claim in federal court after the EEOC's administrative process is complete.  *Ellis*, 432 F.3d at 1324.  Under *Ellis*, Jones is entitled to have her discrimination claim tried *de novo* in the district court.  It is true that such *de novo* trial must encompass both liability and remedy; our *Ellis* decision establishes that Jones cannot protect the EEOC liability ruling in her favor and submit only the remedy issue to trial in the district court.  *Id.* at 1325.

In this case we need not decide whether Jones' return of the EEOC award to the NSA is a precondition[1] to Jones' entitlement to her *de novo* trial because her final position in the district court was that "she has agreed to return all previously received proceeds" pursuant to the EEOC award. Doc. 46, 3–4. In her brief on appeal, Jones reiterates this agreement. Pursuant to this agreement, we contemplate that the district court on remand will promptly order Jones either to repay that amount to the NSA or place same in escrow with the court.

For the foregoing reasons, the judgment of the district court is

**VACATED AND REMANDED.**

---

[1] Whether or not that might be a precondition, it is certainly not a matter of the subject matter jurisdiction of the district court.