[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10096
Non-Argument Calendar

_____

D.C. Docket No. 2:15-cv-00569-PAM-CM

GIGI DANIELLE-DISERAFINO,

Plaintiff-Appellant,

versus

DISTRICT SCHOOL BOARD OF COLLIER COUNTY, FLORIDA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 29, 2018)

Before TJOFLAT, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Gigi Danielle-DiSerafino appeals the district court's grant of summary judgment in favor of the District School Board of Collier County, Florida (the School Board), in her action alleging failure to accommodate her disability in violation of the Americans with Disabilities Act (ADA). Danielle-DiSerafino's appeal rests on four arguments. First, she argues that the district court erred in granting summary judgment because (1) she established that she had a disability under the ADA, (2) the School Board refused to grant her reasonable accommodation requests, and (3) the fact that the School Board's corporate representative was unprepared for his deposition created genuine issues of material fact. Second, Danielle-DiSerafino argues that the district court erred in not addressing her constructive discharge claim. Third, she argues that the district court erred in determining that the School Board's actions did not constitute a continuing violation. Finally, Danielle-DiSerafino claims that the district court abused its discretion when it did not consider the Equal Employment Opportunity Commission's (EEOC) Letter of Determination which opined that she had reasonable cause to sue under the ADA. We disagree with each of Danielle-DiSerafino's arguments, and therefore affirm.

On January 4, 2005, Danielle-DiSerafino, a high school teacher, was injured at a faculty team building event as a result of an individual hitting her head while ziplining. That same day, Danielle-DiSerafino completed the workers'

compensation paperwork necessary to substantiate her claim, and was later referred to a neurologist, Dr. Brian Wolff, by the School Board's workers' compensation carrier.  Dr. Wolff never opined that Danielle-DiSerafino was impaired with respect to major life activities, or that her ability to teach would be impacted. Danielle-DiSerafino continued to teach on the same schedule as she had prior to the accident for the remainder of the school year.  In 2006, after requesting a physician change, Danielle-DiSerafino began receiving care from Dr. Joseph Kandel.  Dr. Kandel also concluded that Danielle-DiSerafino could continue working as a teacher, that she did not have any impairment that would affect major life activities,[1] and that she did not require any accommodations.  Dr. Kandel proceeded to treat Danielle-DiSerafino for seven years, never indicating that she required medical accommodations in order to perform the essential functions of her job.  In 2013, Danielle-DiSerafino moved to a third workers' compensation physician, Dr. Mark Rubino.  Dr. Rubino likewise concluded that Danielle-DiSerafino's medical issues would not impair her major life activities and that she was capable of teaching without accommodations.

Despite the doctors' reports, Danielle-DiSerafino argues that she is disabled under the ADA because some of her symptoms "substantially limits one or more of [her] major life activities."  42 U.S.C. § 12102(1).  For example, Danielle-

---

[1] For example, Dr. Kandel determined that Danielle-DiSerafino had a 3% impairment rating for her neck injuries, and a 0% impairment rating for her back injuries.  *See* Doc. 37, Ex. A at 8.

DiSerafino claims she is unable to multitask, external stimuli cause her stress, her math skills have deteriorated, she experiences memory loss, and moving her neck causes severe pain. Moreover, Danielle-DiSerafino points to affidavits submitted by two coworkers to support her contention that she is disabled. The coworkers maintain that Danielle-DiSerafino clearly suffered side effects from the injury, and that the School Board did not accommodate her.

From the time Danielle-DiSerafino was injured until her ultimate retirement, she claims to have requested several medical accommodations, including requests to (1) teach smaller class sizes, (2) be assigned a larger classroom with windows, (3) be assigned the first period as a planning period, (4) be exempted from lunchroom duty, and (5) be permitted to ice her neck during the workday. Danielle-DiSerafino concedes that she is unsure who she made these accommodation requests to, and when she made them.

Based on these allegations, Danielle-DiSerafino filed a two-count complaint alleging (1) violation of the ADA based on a theory of failure to accommodate, and (2) workers' compensation retaliation under Florida law. The district court dismissed the latter claim at the pleading stage, and subsequently granted summary judgment to the School Board as to the former claim, reasoning that Danielle-DiSerafino was not disabled. The district court further determined that, even if she was disabled, Danielle-DiSerafino did not adequately set forth her alleged requests

4

for accommodation[2] and that the EEOC's determination that the School Board acted inappropriately was irrelevant.  This appeal followed.

I.

Danielle-DiSerafino first argues that the district court erred in granting summary judgment because (1) she established that she had a disability under the ADA, (2) the School Board refused to grant her reasonable accommodation requests, and (3) the fact that the School Board's corporate representative was unprepared for his deposition created genuine issues of material fact.

We review a grant of summary judgment in an ADA case de novo, drawing all reasonable inferences in favor of the non-moving party.  *EEOC v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1342–43 (11th Cir. 2016).  Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *See* FED. R. CIV. P. 56(a).

The ADA prohibits an employer from "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an . . . employee."  42 U.S.C. § 12112(b)(5)(A).  To satisfy the prima facie case under the ADA, a plaintiff must demonstrate (1) she is disabled; (2) she was a "qualified individual" at the relevant

---

[2] The district court briefly expanded on this point.  It determined that the continuing violation theory did not apply because each request for an accommodation was a discrete act.  Moreover, the district court concluded that several of the accommodation requests were untimely.

time, meaning she could perform the essential functions of the job with or without reasonable accommodations; and (3) the employer failed to provide a reasonable accommodation. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255 (11th Cir. 2001). The plaintiff bears the burden of establishing a prima facie case of disability discrimination. *Davis v. Fla. Power & Light Co.*, 205 F.3d 1301, 1305 (11th Cir. 2000).

An individual has a disability if she has "a physical or mental impairment that substantially limits one or more of [her] major life activities." 42 U.S.C. § 12102(1). Major life activities include performing manual tasks, sleeping, walking, standing, lifting, bending, speaking, concentrating, thinking, communicating, and working. *Id.* § 12102(2)(A). Pain alone is insufficient to establish a disability if the evidence does not show impairment of a major life activity. *St. Joseph's Hosp.*, 842 F.3d at 1344.

In *EEOC v. St. Joseph's Hosp., Inc.*, we held that a nurse was disabled because she "suffered pain and more" where the evidence showed that without use of a cane, "she could only walk short distances and would have to stop, align her body, and balance herself." *Id.* Similarly, in *Mazzeo v. Color Resolutions Intern., LLC*, we held that the plaintiff established that he was disabled where he provided an affidavit from his doctor detailing his "medical condition, what specific pain the condition caused, and the limitations on major life activities . . . resulting from the

6

condition and pain." 746 F.3d 1264, 1269 (11th Cir. 2014) (quotation marks omitted).[3] There, the doctor's affidavit noted that Mazzeo's problems were "substantial . . . and permanent." *Id.*

Regarding the accommodation requirement, we have held that an employer must provide a reasonable accommodation for an employee with a known disability, unless such accommodation would result in undue hardship to the employer. *Lucas*, 257 F.3d at 1255. An accommodation is reasonable and required only if it enables the employee to perform the essential functions of the job. *Id.* The plaintiff bears the burden of identifying an accommodation and illustrating that the accommodation would enable her to perform the essential functions of the job. *Id.* at 1255–56.

Here, the district court properly granted summary judgment to the School Board because Danielle-DiSerafino did not establish a prima facie case of disability discrimination. Danielle-DiSerafino failed to prove that she was disabled within the meaning of the ADA because neither she nor her doctors adequately demonstrated that her pain substantially limited a major life activity. Furthermore, her coworkers' affidavits do not create an issue of material fact about whether

---

[3] In *Mazzeo*, this Court analyzed whether Mazzeo had a disability under the broader standard of the ADA Amendments Act of 2008 ("ADAAA"), which became effective January 1, 2009. *Mazzeo*, 746 F.3d at 1267. Mazzeo's injury occurred prior to the ADAAA's enactment, but "the critical events" of the case, including his continued back problems and termination, took place after the new law went into effect. *Id.* Here, it is not necessary to determine whether the critical events of Danielle-DiSerafino's claim occurred before or after January 1, 2009, because her claim fails even under the broader ADAAA standard.

Danielle-DiSerafino was disabled because those affidavits merely corroborate that she suffered pain. Unlike the plaintiffs in *St. Joseph's Hospital* and *Mazzeo*, Danielle-DiSerafino did not establish through medical or other evidence that she had "pain plus more." *St. Joseph's Hosp.*, 842 F.3d at 1344*; Mazzeo*, 746 F.3d at 1269.

Because Danielle-DiSerafino failed to establish that she was disabled, it is unnecessary for this Court to consider her second claim—that the School Board refused to grant her medical accommodations.

Danielle-DiSerafino also argues that summary judgment was improper because the School Board's corporate representative was unprepared for his deposition, and thus genuine issues of fact still exist. Specifically, she argues that the corporate representative did not know whether Danielle-DiSerafino made any accommodation requests or whether those requests, if any, were granted.

We have held that if an entity's corporate representative denies knowledge of certain matters in a deposition, the district court retains discretion to admit testimony by other employees with knowledge of those matters. *See Vista Marketing, LLC v. Burkett*, 812 F.3d 954, 980–81 (11th Cir. 2016). In this case, Principal Timothy Kutz testified as to the exact topics the corporate representative failed to testify about; that is, Kutz testified about Danielle-DiSerafino's accommodation requests. Accordingly, it was within the district court's discretion

8

to consider Kutz's testimony in determining that there was no genuine issue of material fact.  *See Vista Marketing*, 812 F.3d at 980–81.

## II.

 Second, Danielle-DiSerafino argues that the district court erred in not addressing her constructive discharge claim.  According to Danielle-DiSerafino, the School Board's refusal to accommodate her disability created a hostile work environment, eventually leading to a constructive discharge.

Since the district court correctly determined that Danielle-DiSerafino was not disabled, and thus was not entitled to accommodations, it was unnecessary for the district court to consider whether the lack of accommodations resulted in a constructive discharge.

## III.

Next, Danielle-DiSerafino argues that the continuing violation doctrine applies to her claims; thus, none of the requests for accommodations she relied on were time-barred or unexhausted.  Moreover, she argues that even if the continuing violations doctrine did not apply, at least some of the incidents were not time-barred.

Like her previous argument, this argument fails because it was unnecessary for the district court to consider whether Danielle-DiSerafino made adequate

9

accommodation requests, as she failed to satisfy the first step of the pima facie case—demonstrating that she was disabled.

IV.

Finally, Danielle-DiSerafino claims that the district court abused its discretion when it did not consider the Equal Employment Opportunity Commission's (EEOC) Letter of Determination which stated that Danielle-DiSerafino had reasonable cause to sue under the ADA. While Danielle-DiSerafino concedes that the letter by itself does not preclude summary judgment, she argues that ignoring the letter was improper.

EEOC findings are not binding with regard to subsequent discrimination suits in federal court. *Moore v. Devine*, 767 F.2d 1541, 1550–51 (11th Cir. 1985), *modified on reh'g*, 780 F.2d 1559, 1560 (11th Cir. 1986). The district court is not required to defer to the EEOC determination, and it must conduct a de novo review of the claims. *Id.* The probative value of EEOC findings is left to the district court's discretion. *See Barfield v. Orange Cty.*, 911 F.2d 644, 649–51 (11th Cir. 1990).

Here, the district court was not required to defer to the EEOC's determination that Danielle-DiSerafino had established probable cause. *See Moore*, 767 F.2d at 1550–51. Rather, it concluded that she had not established a prima facie failure to accommodate case. Because the district court was within its

discretion to not consider the EEOC's determination, it was not error for it to determine that the determination was irrelevant.

For the foregoing reasons, we affirm.

**AFFIRMED.**