**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12433

Non-Argument Calendar

_____

ELISABETH SERIAN,

*Plaintiff-Appellant,*

*versus*

JETBLUE AIRWAYS CORPORATION,

*Defendant-Appellee.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-02471-JSS-LHP

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and GRANT,
Circuit Judges.

PER CURIAM:

Elisabeth Serian appeals the summary judgment in favor of JetBlue Airways Corporation and against her complaint of disability discrimination under the Americans with Disabilities Act. *See* 42 U.S.C. § 12112(a). Because Serian's complaint is untimely, we affirm.

## I. BACKGROUND

Serian was a flight attendant for JetBlue. In April 2020, JetBlue adopted a mandatory mask policy for its crewmembers in response to the COVID-19 pandemic. Serian requested an accommodation supported by a physician's note stating that she could not wear a mask for health reasons. JetBlue denied the request in August 2020 and offered Serian leave or a position reassignment instead.

In April 2022, Serian emailed JetBlue's chief executive officer and stated that she was "done complying to tyranny" and would "no longer be wearing [her] mask on board." She posted her email on a Facebook page for JetBlue's crewmembers and encouraged others to join her. JetBlue suspended Serian pending an investigation. During an investigatory meeting on April 18, 2022, Serian presented research on the "adverse effects of prolonged mask usage" and a detailed account of her specific health concerns. JetBlue terminated Serian on April 26, 2022, for violating company polices.

On October 4, 2022, Serian filed a charge of disability discrimination under the Act with the Equal Employment Opportunity Commission in Florida. Serian alleged that JetBlue violated

the Americans with Disabilities Act by failing to provide her a reasonable accommodation. *See* 42 U.S.C. § 12112(a), (b)(5). The Commission issued a right-to-sue letter that advised Serian that it did not certify her compliance with any statutes.

Serian sued JetBlue in the district court. JetBlue moved for summary judgment on the ground that Serian's complaint was untimely because the denial of her requested accommodation occurred in 2020, but Serian did not file her charge until 2022. The district court granted summary judgment for JetBlue because the complaint was untimely.

## II. STANDARD OF REVIEW

We review a summary judgment *de novo* and view the evidence in the light most favorable to the nonmovant. *Albert v. Ass'n of Certified Anti-Money Laundering Specialists, LLC*, 130 F.4th 1322, 1326 n.2 (11th Cir. 2025). Summary judgment is appropriate when "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting FED. R. CIV. P. 56(a)).

## III. DISCUSSION

The Americans with Disabilities Act requires a plaintiff to "comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964," *Zillyette v. Cap. One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999), including the timely filing of a charge of disability discrimination, *Maynard v. Pneumatic Prods. Corp.*, 256 F.3d 1259, 1262 (11th Cir. 2001). A claimant must file a charge of discrimination with the Commission within 180

days of an unlawful employment practice or 300 days if the complainant first files with an agency in a deferral state, such as Florida. *See* 42 U.S.C. § 2000e-5(e)(1); *Maynard*, 256 F.3d at 1262. Filing a timely charge is a prerequisite to filing a lawsuit under the Act. *Maynard*, 256 F.3d at 1262.

Serian's complaint is untimely. JetBlue denied her request in August 2020. Because Serian did not file her charge with the Commission until October 2022—more than two years later—she failed to timely file a charge of discrimination. *See* 42 U.S.C. § 2000e-5(e)(1); *Zillyette*, 179 F.3d at 1339; *Maynard*, 256 F.3d at 1262.

Serian raises three arguments. She contends that the Commission's right-to-sue letter constitutes prima facie evidence of the timeliness of her claim, that her claim is otherwise timely under the doctrines of equitable tolling and continuing violations, and that JetBlue violated the Act by refusing to provide her a reasonable accommodation. These arguments fail.

First, the Commission's letter does not establish timeliness. It contained no such finding and explicitly advised Serian that it did not certify her compliance with any statutes. In any event, even if the Commission had made a finding of timeliness, the district court would not have been bound by it. *See, e.g.*, *Moore v. Devine*, 780 F.2d 1559, 1564 (11th Cir. 1986) ("[W]here, as here, the employee files a complaint asking the district court to consider the case on the merits . . . of the very claims resolved by the [Commission], he or she

cannot complain when the district court independently resolves the claims on the merits.").

Second, because Serian raised equitable tolling for the first time on appeal, that argument is not properly before us. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." (citations and internal quotation marks omitted)). And the doctrine of continuing violations does not cover discrete acts of discrimination, such as the denial of an accommodation. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). JetBlue's denial of Serian's request for an accommodation in 2020 was a discrete act for which any claim of discrimination accrued.

Serian failed to establish that any new violation occurred in April 2022 to make her complaint timely. Her email to JetBlue's chief executive officer was not a request for an accommodation; it was instead a declaration that she was "done complying to tyranny." And her statements during the investigatory meeting about her research on mask usage and her personal health concerns were not a request for an accommodation. Because Serian's complaint is untimely, we do not reach the merits of it.

### IV. CONCLUSION

We **AFFIRM** the summary judgment in favor of JetBlue.