[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11629
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:09-cv-00038-CLS

CAROLYN LUCAS,

                                                                 Plaintiff-Appellant,

versus

SECRETARY, DEPARTMENT OF THE ARMY,

                                                                 Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 12, 2012)

Before DUBINA, Chief Judge, WILSON and FAY, Circuit Judges.

PER CURIAM:

Appellant Carolyn Lucas, an African-American female proceeding *pro se*, appeals the district court's grant of the Secretary of the Department of the Army's ("the Army") motion for summary judgment as to her complaint alleging two instances of nonselection due to racial discrimination and retaliation, in violation of Title VII, 42 U.S.C. § 2000e-16.[1] Lucas argues that the district court erred in granting the Army's motion because the Army's proffered legitimate, nondiscriminatory reasons for selecting other candidates are pretextual.

We review a grant of summary judgment *de novo*. *Holloman v. Mail-Well Corp.*, 443 F.3d 832, 836 (11th Cir. 2006). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Holloman*, 443 F.3d at 836-37. The party opposing summary judgment must set forth specific facts showing that there is a genuine issue for trial. *Leigh v. Warner Bros., Inc.*, 212 F.3d 1210, 1217 (11th Cir. 2000). In this respect, a mere "scintilla of evidence that there is a substantial conflict in evidence" is insufficient to support a jury question. *Mee*

---

[1]Lucas also brought these claims under 42 U.S.C. § 1981 in the district court, but the district court dismissed these claims for lack of subject matter jurisdiction and Lucas does not address Section 1981 in her appellate brief. Therefore, only Lucas's Title VII claims are before us on appeal. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

*Indus. v. Dow Chem. Co.*, 608 F.3d 1202, 1211 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 936 (2011). Additionally, while we liberally construe *pro se* briefs, we will not review on appeal any issues not raised in the parties' initial briefs, finding such issues to be abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

Title VII explicitly prohibits racial discrimination in federal employment practices. 42 U.S.C. § 2000e-16(a). Further, an employer may not discriminate against an employee for opposing any practice made unlawful under Title VII. 42 U.S.C § 2000e-3(a); *see also* 29 C.F.R. § 1614.101(b) ("No person shall be subject to retaliation for opposing any practice made unlawful by [T]itle VII of the Civil Rights Act").

Where the plaintiff's Title VII claims rest on circumstantial evidence, we use the *McDonnell Douglas* burden-shifting framework. *EEOC v. Joe's Stone Crabs, Inc.*, 296 F.3d 1265, 1272 (11th Cir. 2002). If a plaintiff can establish a *prima facie* case of race discrimination, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the challenged employment decision. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1973). If the defendant articulates such a reason, then the burden shifts back to the plaintiff to prove by a preponderance of

the evidence that the defendant's proffered legitimate reason was a pretext for discrimination. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S. Ct. 1089, 1093, 67 L. Ed. 2d 207 (1981); *see also Pennington v. City of Huntsville*, 261 F.3d 1262, 1265-66 (11th Cir. 2001) (applying *McDonnell Douglas* framework to a Title VII claim of retaliation).

To meet this burden, the plaintiff must show both that (1) the defendant's proffered reason is so weak or inconsistent as to be "unworthy of credence" and, (2) that the real reason is unlawful discrimination. *Springer v. Convergys Customer Mgmt. Group Inc.*, 509 F.3d 1344, 1348-49 (11th Cir. 2007). The plaintiff may not recast the defendant's articulated reason, but must "meet it head on and rebut it." *Id.* at 1350 (internal quotation marks omitted). Conclusory allegations of discrimination are insufficient to raise an inference of pretext "where an employer has offered extensive evidence of legitimate, nondiscriminatory reasons for its actions." *Mayfield v. Patterson Pump Co.*, 101 F.3d 1371, 1376 (11th Cir. 1996) (internal quotation marks omitted). In this respect, while EEOC agency determinations are generally admissible and may be "significant evidence," they are not binding on the district court. *Moore v. Devine*, 767 F.2d 1541, 1550–51 (11th Cir. 1985), *modified on reh'g*, 780 F.2d 1559, 1560 (1986) (internal quotation marks omitted).

In a nonselection case, the plaintiff cannot establish pretext by "simply arguing or even by showing that [she] was better qualified" than the selectee. *Springer*, 509 F.3d at 1349 (quotation omitted). Instead, the plaintiff must prove that the disparity in qualifications was "of such weight and significance" that no reasonable, impartial person could have chosen the selectee over the plaintiff. *Id*. Generally, in the context of a business deciding how to rank its employees, we will not "second-guess the business decisions of an employer." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 798 (11th Cir. 2005). This holds true even where the employer acts in good faith on the basis of erroneous information. *See Walker v. NationsBank of Fla.*, 53 F.3d 1548, 1564 (11th Cir. 1995) (Johnson, J. Specially concurring). Further, the preselection of a candidate, even if in violation of the employer's internal policies, does not necessarily indicate racial discrimination or retaliation. *See Springer*, 509 F.3d at 1350.

After reviewing the record and reading the parties' briefs, we discern no reversible error. As to Lucas's nonselection for the GS-14 position, Lucas did not show any disparity in qualifications of such weight and significance that no reasonable person could have chosen Rodriguez, nor did the record show that the panel members intentionally manipulated her scores. Similarly, assuming that Lucas properly preserved the issue of whether she was more qualified for the GS-

5

position, Lucas did not establish that Nottingham's selection was unreasonable. Finally, the record did not show that any scoring irregularities were intentional.

Because Lucas did not demonstrate that the Army's articulated legitimate nondiscriminatory reasons for selecting other candidates were pretexts for discrimination and retaliation, we affirm the grant of summary judgment in favor of the Army.

**AFFIRMED.**